## BROWNLEE v. WARMACK.

1. Where the plaintiff in an equitable petition alleged that he was the owner of a mill, and obtained the water to operate it from a spring upon the defendant's land, and under a deed from the person or persons under whom the defendant claimed to hold the land, he had a right to obtain the water from the spring by a mill-race six to eight feet wide, and that the defendant was threatening to cut ditches in and around the spring, which would destroy the water supply of his mill or lessen it to such a degree that the mill would be worthless, and he prayed only for an injunction to prevent the cutting of the ditches, an answer by the defendant in the nature of a cross-bill, alleging that the plaintiff had negli-

gently failed to repair his mill-race and allowed breaches in the banks, whereby the water escaped on the defendant's land and damaged it, and praying for a decree awarding him a certain sum for said damage, was properly dismissed upon demurrer. The matter complained of in the answer was a tort, and was not germane to any matter in the original petition. Though under the code, §3261, one tort may be set off against another, this does not apply where one of the torts has not been committed but only threatened.

2. The mill-race having been in its present condition as to depth for nearly thirty years before the defendant purchased the land on which this race is an easement, and the deed to the plaintiff specifying its width but being silent as to its depth, parol evidence showing that the predecessor in title of the plaintiff stipulated with the common grantor of both that the race should be dug a certain depth, so as to lower the water in the spring, and that no dam should be placed across the run of the branch to turn the water into the race, was irrelevant to the issue involved, and therefore inadmissible; at least the defendant could not raise any question as to this.

3. If the defendant's theory that he did not intend to cut ditches through the swamp, but intended to cut them around the hillsides so as to prevent the surface-water from flowing into the same, is true, the mistake of the two witnesses who testified that they heard him say that he intended to cut them through the swamp, did not injure him, as the relief prayed was to prevent him from cutting the ditches through and in the swamp, and not to enjoin him from cutting ditches around the hill-sides to prevent the surface-water from flowing into the swamp. This he would have a right to do.

February 13, 1893.

Equity. Injunction. Pleading. Cross-petition. Demurrer. Water. Easement. Evidence. Before Judge MILNER. Whitfield superior court. April adjourned term, 1892.

For a previous report of this case see 84 *Ga.* 196.

R. J. & J. McCAMY, by brief, for plaintiff in error.

W. K. MOORE and MADDOX & STARR, *contra.*

SIMMONS, Justice.

Warmack had a right, under a deed, to obtain water to run his mill from a spring on the land of Brownlee. Brownlee was about to cut certain ditches above and

around the spring, which would cut off the flow into the spring and thereby lessen the supply to the mill and render the mill useless and worthless. Warmack filed his petition alleging these facts, and prayed for an injunction to restrain Brownlee from cutting the ditches. Brownlee answered the petition, and by way of cross-bill alleged that he recognized Warmack's right to run his mill-race upon his (Brownlee's) land to the spring, but under the easement so granted him, he (Warmack) was bound in law to confine the water in the race and not allow it to escape over his (Brownlee's) land through which the race was cut; that Warmack had not so confined it, but negligently failed to repair breaches in the banks of the race and allowed the water to escape and run over his (Brownlee's) land and damaged it to the amount of five hundred dollars; that Warmack had also raised the height of the dam upon his own land, and thereby caused the water to flow back upon his (Brownlee's) land and damaged it from this cause additionally to the amount of five hundred dollars, for which he prayed a judgment, and also prayed that Warmack be compelled to lower his dam to its original height. On demurrer to this cross-bill, the court struck it from the answer, because it was not germane to any matter or relief set up in the original petition.

1. It will be observed that the petition did not ask for any damages, nor for any other relief than an injunction against the threatened cutting of the ditches. Brownlee had not, at the time nor subsequently, as far as the record discloses, committed any tort upon Warmack, but had only threatened to do so. The only complaint he had was the threatened injury, and this was the gist of his complaint. We do not think, therefore, that Brownlee could by way of cross-bill set up a tort committed by Warmack, not germane to any matter alleged in his petition, and recover damages therefor. He might as well

have alleged that Warmack had killed his stock upon the land, slandered him, or committed some other tort upon his person or property. The rule in equity is that the matter contained in the cross-bill must be germane to the matter in the original bill. It is true that under section 3261 of the code, one tort may be set off against another, but this does not apply where one of the torts has not been committed but only threatened. Warmack does not allege that Brownlee committed any tort against him, but merely that he had threatened to do so. We therefore do not think that Brownlee could by way of cross-bill set up and recover damages for a tort against him, and we hold that the judge was right in sustaining a demurrer to this part of the answer.

2. The other points made in the bill of exceptions are sufficiently elaborated in the head-notes.

*Judgment affirmed.*