SPEARS, administrator, *et al. v.* SCOTT.

1. One at whose instance another is made a party to a pending case involving equities pro and con between the two can not, after the latter has filed an answer in the nature of a cross-bill, setting up his alleged rights in the premises and praying for affirmative relief by an enforcement of the same, so amend his pleadings as to prevent a hearing of the case upon its real merits, and thus deprive his adversary of the opportunity to establish his allegations and obtain the relief to which he is entitled thereon.
2. Where such a case, upon the trial thereof, was finally resolved into an action by the newly made party against the person who brought him into the litigation, it was erroneous to grant a nonsuit against such newly made party when there was sufficient evidence to sustain his allegations and entitle him to the judgment for which he prayed.

Argued July 24, — Decided August 8, 1900.

Complaint. Before Judge Gober. Cherokee superior court. September term, 1899.

J. P. Spears as administrator of George W. Jefferson, deceased, sued A. K. Scott to recover the sum of $787.91, with

interest from March 8, 1895, setting up, in substance, the following facts: On said date Jefferson made a contract with Scott to sell to him land lot 193 and the east half of land lot 169, in the 23d district and seventh section of Cherokee county, on the following terms: Jefferson owed Scott $1,000 with interest, James R. Brown $1,000 with interest, and Mrs. M. E. Strickland, as guardian of R. L. Strickland, $787.91; and Scott agreed to pay the Brown and Strickland debts and cancel his own, in consideration of obtaining deeds to said land. Jefferson made deeds to the land to Scott, who paid the Brown debt, but refused to pay the Strickland debt. Wherefore the administrator brought suit to recover the amount of the Strickland debt. Scott answered, admitting the purchase of land lot 193 and his agreement to pay the Brown debt and to cancel his own debt, as part of the consideration for the deeds; but denied having purchased the east half of land lot 169, and claimed that he and Jefferson and R. L. Strickland (who had become of age) had made a contract by which he, Scott, agreed that if Strickland would accept $500 for his debt, he would pay the same in consideration of a deed to be made by Jefferson to Scott to the east half of land lot 169; that Jefferson executed the deed, but Strickland, who had the matter under consideration, declined to carry out the agreement and accept the $500, and the agreement fell through; that subsequently Strickland foreclosed his mortgage, sold the east half of land lot 169 thereunder, and bought it in at the sheriff's sale; that although he, Scott, had kept the deed, he had never been in possession of the land, and, on account of Strickland's failure to comply with the agreement, he, Scott, was not liable for the Strickland debt—if there was any agreement on his part to pay it, the consideration for his promise had failed. He charged that the suit was really proceeding for Strickland's benefit; that Strickland was a party to the original agreement and had repudiated it; and he prayed that Strickland be made a party to this cause, and show cause why he should not surrender the east half of land lot 169 and receive the $500, which defendant was willing to pay. By consent of all parties, Strickland was made a party plaintiff to the suit, and it was ordered that the same proceed in his name. He thereupon filed a petition, adopting all the allegations of the original petition filed

by Spears, administrator, and alleging that all the debts stated by Spears to have been due by Jefferson were owed, and that they were secured by mortgages given by Jefferson on land lot 193 and the east half of 169, Brown's being the first mortgage, Strickland's the second, and Scott's the third; that by mistake land lot 193 had been written 192 in the Strickland mortgage, and it was a mutual mistake; that Jefferson had made the contract to sell said property to Scott in consideration of Scott paying said debts and cancelling his own, and Scott had agreed to do so, and Jefferson had executed the deeds to Scott, who received them, but afterwards refused to pay the Strickland debt; that Jefferson, outside of the mortgaged property, was insolvent; that Scott received the deeds in pursuance of the agreement to pay these debts, knowing that all the lands were covered by the mortgages; that Scott refused to pay the Strickland debt, and petitioner (Strickland) afterwards foreclosed his mortgage and bought in the east half of land lot 169 at sheriff's sale under this procedure; and that there was due to him the sum of $787.91, with interest from March 8, 1895. He prayed judgment against Scott for this amount, and offered to release to Scott all claim he had to the said east half of land lot 169, on payment of said amount. Scott answered this petion, practically reasserting his former contentions, but withdrawing the proposition to pay Strickland $500 if Strickland would convey the east half of lot 169 to him.

On the trial Ferguson, who negotiated the transaction as the agent of Jefferson, testified, that Scott knew of these mortgages and understood that they covered land lot 193 and the east half of land lot 169; that Jefferson had never owned land lot 192, nor was he ever in possession of it; that Scott afterwards found out that there was a mistake in the Strickland mortgage, and that the land lot was written therein 192 instead of 193; that Scott purchased the land on the express understanding to cancel his own debt and pay the Brown and Strickland debts, and the deeds were made by Jefferson and delivered to Scott and received by him, and never bought back; that it was not true that Scott was to pay Strickland $500 for his claim, but he was to pay both debts. Strickland testified, that he had a conversation with Scott, and Scott admitted to him that he was

to pay off the Strickland mortgage—that his trade was to pay off the Brown and Strickland mortgages, and cancel his own, and take the land; that he had found out afterwards that there was a mistake in the Strickland mortgage, and that it described the land as land lot 192, instead of 193, and came to see witness (Strickland) to ascertain if the mistake was in the mortgage or in the record, and, when he found it was in the mortgage, tried to scare him; that when Scott refused to pay his (Strickland's) claim, he then foreclosed his mortgage and had the east half of land lot 169 sold, because Scott filed a claim to land lot 193; that he bid off the east half of land lot 169 at the sheriff s sale for $350, and took the sheriff's deed to the same, and is seeking to recover the balance due him upon his debt. DuPre testified, that Scott agreed to pay both debts and cancel his own, and that he was told, when the trade was made, that if he did not take the deeds on the understanding that he was to pay both the Brown and Strickland debts, he could not get the property. Plaintiff put in evidence seven promissory notes for the aggregate sum of $682.50, with interest from date at the rate of eight per cent. per annum, made by Jefferson and payable to Strickland or bearer, dated April 4, 1888, with a credit of all interest up to April 4, 1893, and also a credit on one note of $29.40, dated Feb. 21, 1890. Plaintiff also put in evidence the mortgage from Jefferson to Strickland on lot 192 and the east half of lot 169, dated April 4, 1888, to secure these notes; also, a deed from Jefferson to Scott, dated March 8, 1895, to lot 193, and a deed of the same date from Jefferson to Scott to the east half of lot 169. A nonsuit was granted, and the plaintiff excepted.

*W. D. Mills, L. Mullins, P. P. DuPre,* and *King & Spalding,* for plaintiffs.

*Teasley & Hutcherson* and *J. P. Brooke,* for defendant.

FISH, J. Whether Strickland, the mortgagee, could have brought, either at law or in equity, an action against Scott, on his alleged promise to Jefferson, his grantor, to pay the mortgage debt, is a question upon which the decisions of the courts of the several States are in great conflict. See Clark on Contracts, 513, et seq.; 7 Am. & Eng. Enc. L. (2d ed.) 104, et seq.

In *Empire State Ins. Co.* v. *Collins*, 54 *Ga.* 376, and *Austell* v. *Humphries*, 99 *Ga.* 408, this court held, in effect, that one for whose benefit a contract was made between others, to the consideration of which he was a stranger, could not sue thereon in an action at law. In *Bell* v. *McGrady*, 32 *Ga.* 257, and *Dallas* v. *Heard*, Ib. 604, wherein the contracts sued upon were construed to constitute the promisor trustee for the benefit of the third person, it was held that the latter might sue thereon in equity. Though it be conceded that Strickland could not have maintained an action, either at law or in equity, against Scott on his promise to Jefferson to pay Strickland the debt which Jefferson owed him, there can be no doubt that Jefferson's administrator, Spears, had the right to bring the suit against Scott upon such promise, and to recover of him whatever balance remained unpaid of Strickland's debt. *Williams* v. *Moody*, 95 *Ga.* 8. And when Strickland, at Scott's instance and in view of the allegations in the equitable cross-petition filed by the latter, was made a party plaintiff in such action, it could proceed in his name, and he had the right to recover therein from Scott whatever balance might be proved to be due him on his mortgage debt. Nor could Scott, after Strickland had been made a party and had filed his answer to Scott's cross-petition, so amend his pleadings as to deprive Strickland of the opportunity to establish the allegations of his answer and to obtain the relief to which he was entitled thereon. The evidence submitted upon the trial was amply sufficient to warrant a verdict in favor of Strickland for the balance due him on his mortgage debt, and the court erred in granting the nonsuit.

*Judgment reversed. All the Justices concurring.*