## ATLANTA NORTHERN RAILWAY CO. *v.* HARRIS *et al.*

Harris, in a suit to recover damages against the Atlanta Northern Railway Company, obtained a verdict and judgment for a named amount; and thereupon a fi. fa. in his favor was issued. The defendant company made a motion for a new trial, which was overruled, and to the judgment overruling the same it excepted and sued out a bill of exceptions to this court. A bond was filed by the company; but it did not operate as a supersedeas bond, because of the failure on the part of the company to pay the costs prior to the filing of the bill of exceptions. While the appeal to the Supreme Court was pending, the plaintiff in the common-law execution had the same levied, and the defendant company instituted an equitable suit to enjoin and restrain the enforcement of the execution. Upon this suit the court below granted an interlocutory injunction, and the defendant in the equitable suit, the plaintiff in the common-law fi. fa., brought the judgment granting the interlocutory injunction here for review, and upon review this court held that it was error to grant the injunction and reversed the judgment of the court below. Subsequently to the date of the decision here, reversing the judgment of the court below, and subsequently to the date of filing the remittitur in the court below, the defendant in the equitable proceedings, plaintiff in fi. fa., amended his answer to the equitable suit, setting up that the defendant in the common-law execution, the railway company, was insolvent, and asking the appointment of a receiver. Upon the presentation of this amendment in the nature of a cross-petition the court below appointed temporary receivers, and

also issued a rule nisi calling upon the defendant company to show cause why the receivership should not be made permanent. The defendant demurred to the cross-petition, and its demurrer was overruled. *Held,* upon examination of the amendment to the answer filed by the plaintiff in the common-law execution to the equitable suit of the railway company, it appearing that the matters set up in the cross-petition are not germane to the matters contained in the original suit, that the cross-petition was not maintainable; and that the court erred in granting the prayer for receiver, and erred also, upon a subsequent hearing, in overruling the demurrer to the cross-petition, and in allowing compensation to the receivers appointed, which compensation was to be taxed against the railway company.

AUGUST 18, 1917.

Award and taxation of receivers' fees. Before Judge Patterson. Cobb superior court. April 15, 1916.

W. M. Harris filed a suit for damages against the Atlanta Northern Railway Company (hereinafter referred to as the railway company) in the superior court of Cobb County, and recovered a verdict and judgment for $2500.00. The railway company filed a motion for a new trial, which was overruled, and it then sued out a bill of exceptions returnable to the October term, 1915, of the Supreme Court. At the time of filing its bill of exceptions with the clerk of Cobb superior court the railway company filed with the said clerk a bond with security, which was duly approved by the clerk, conditioned to pay to W. M. Harris the eventual condemnation-money in said case, with all future costs, the bond being in the form of a supersedeas bond; but the railway company did not pay the costs on or before filing said bill of exceptions. Harris procured a fi. fa. to be issued upon his judgment and placed the same in the hands of the sheriff, who levied upon certain property of the railway company, and was proceeding to advertise it for sale, Harris claiming that the bond given as aforesaid was not a supersedeas bond, by reason of the failure to pay the costs. The railway company filed, in the superior court of Cobb County, its petition for injunction against Harris and the sheriff, upon the grounds therein stated, to enjoin the levy and sale of its property. Upon the hearing an injunction was granted by the judge, restraining the levy and sale. Harris then sued out his bill of exceptions complaining of the granting of the injunction; and when this case was reached for decision, the Supreme Court reversed the judgment of the court below granting the injunction. After the

remittitur in the injunction case was filed in the office of the clerk of Cobb superior court, and before any decision had been rendered by the Supreme Court on the bill of exceptions sued out, as aforesaid, by the railway company to review the judgment of the trial court denying a new trial in the case which resulted in the verdict and judgment for $2500 in favor of Harris, Harris filed in the superior court of Cobb County what was called an "amendment and cross-bill," praying for an injunction against the railway company from disposing of the property of said company, that a temporary receiver or receivers be appointed by the court to immediately take charge of all the property of the company and operate it, and that on the final hearing permanent receivers be appointed to sell the property of the company and dispose of the proceeds. This equitable amendment and cross-petition was presented to the judge of the superior court of Cobb County on the 4th day of March, 1916, and an ex parte order was obtained from the judge of that court, in which it was ordered that the petition be filed and the railway company be served with a copy of the "cross-bill" and the order granted. It was further ordered that the prayers of the complainant for a temporary receiver of all the property of the railway company be granted, and E. P. Dobbs and W. M. Holland were appointed temporary receivers of all the property owned by the company. These receivers were authorized to operate the railroad of the railway company, etc. It was further ordered that the receivers give bond in a stated sum. The railway company was required to show cause before the judge, on the 29th day of March, 1916, why the prayers for permanent receiver should not be granted; and until the hearing the officers and agents of the railway company were enjoined and restrained as prayed in the cross-petition. On March 5, 1916, upon application of the railway company, the judge granted an order modifying the order passed on March 4th, appointing temporary receivers, and vacated the order appointing Dobbs and Holland receivers, but left the rule nisi in force, and the railway company was required to deposit a certified check for $4,000, payable to the clerk of the superior court, and said check was to remain subject to the further order of the court and the final judgment in the case; and upon failure to deposit this check, the order appointing receivers was to again become effective. The railway company, in compliance with this

order, deposited with the clerk of the superior court the required check duly certified. On March 18, 1916, after the Supreme Court had passed upon the bill of exceptions of the railway company, and had affirmed the verdict and judgment for $2500 in favor of Harris, the same was paid in full, including interest and costs. This payment was made before the remittitur had been returned from the Supreme Court to the superior court. On March 29, 1916, the return day of the rule granted on March 4, 1916, the railway company filed its demurrer and answer to the "amendment and cross-bill" of Harris. The court overruled the demurrer, and the railway company filed its exceptions pendente lite to the overruling of its demurrer, and now assigns error upon its exceptions pendente lite. After the hearing, evidence having been submitted, the court granted an order awarding compensation in the sum of $125 to each of the receivers, and taxing the same, with all costs of the proceeding, against the railway company. To this order the railway company sued out a direct bill of exceptions to the Supreme Court.

*Colquitt & Conyers,* for plaintiff in error.

*N. A. Morris, Herbert Clay,* and *J. G. Roberts,* contra.

BECK, J. (After stating the foregoing facts.)   We are of the opinion that the court erred in granting compensation to the receivers and taxing the same against the railway company; for we are of the opinion that the court erred in entertaining the cross-petition of W. M. Harris for the appointment of receivers. This cross-petition did not deal with matters that were germane to the original petition filed by the railway company, in which injunction was sought against the enforcement of the execution which Harris had had issued upon the judgment of $2500 obtained by him in a suit for damages. The original equitable petition filed by the railway company to enjoin the enforcement of that fi. fa. by a levy upon its property was based upon the theory that it had given a good supersedeas bond and had complied with the terms of the law, and for that reason was entitled to a supersedeas of the execution; and it was based upon the further contention that even if the railway company was not entitled to a supersedeas, the plaintiff in fi. fa. could not levy his common-law execution upon the property which he sought to subject, because the defendant company was a public utility corporation, and to allow the enforcement of

the fi. fa. in the way in which it was undertaken to be enforced would interfere with the performance by the company of its duties to the public. The trial judge had granted the injunction against the enforcement of the fi. fa. by levy, and from that judgment granting the injunction the plaintiff in the common-law fi. fa. had taken an appeal to this court, and after a hearing here this court had reversed the judgment and decided that the railway company was not entitled to an injunction against the enforcement of the fi. fa. The remittitur in that case was duly filed in Cobb superior court, and after the filing of the same the amendment to the answer of the defendant in the railway company's equitable suit was allowed and entertained and the receivers were appointed upon the prayers contained therein. As we have said above, this was error, because, in the first place, the equitable proceeding instituted by the railway company to prevent the enforcement of the common-law execution was virtually disposed of. True, it had not been dismissed and no judgment upon a final hearing had been entered, but the issue made by the equitable petition and the answer thereto was completely disposed of by the adjudication in this court. The record in the equitable proceeding had been made up and passed upon, and nothing further could have been done in the case except to take formal orders disposing of it at the trial term. Whether the defendant could have amended its answer at all at this stage of the proceeding it is not necessary to decide; but we are clear that it was not competent for him to file a cross-petition containing matters not germane to the matters contained in the original petition. "A cross-bill must be confined to the subject-matter of the original bill." *Josey* v. *Rogers,* 13 *Ga.* 478. "A cross-bill is a bill brought by a defendant against a complainant or other parties in a former bill depending, touching the matters in question in that bill." *McDougald* v. *Dougherty,* 14 *Ga.* 674. "The rule in equity is that the matter contained in the cross-bill must be germane to the matter in the original bill." *Brownlee* v. *Warmack,* 90 *Ga.* 775 (17 S. E. 102). As to the time when the cross-bill should be filed, see *Josey* v. *Rogers,* supra. "An answer in the nature of a cross-bill which sets up matters of defense not germane to the case made by the plaintiff's petition is not maintainable." *Johnson* v. *Stancliff,* 113 *Ga.* 886 (39 S. E. 296). The original petition in the railway company's suit for in-

junction made a claim for injunctive relief upon certain specified facts therein set forth, and the cross-petition set up matters in no way germane to that, and therefore was not maintainable, and the court was without a right to appoint receivers upon that cross-petition. And being without the right to appoint the receivers for the property of the defendant company, it follows that the court could not allow the receivers, wrongfully appointed, compensation to be taxed against the railway company. If, under the facts alleged in the cross-petition as to the insolvency of the railway company, the plaintiff in the common-law execution was entitled to the appointment of a receiver, it should have been upon an original proceeding instituted in the county of the residence of the corporation, and not upon this cross-petition, which is in the nature of ancillary proceedings, and which was not germane to the original petition.            *Judgment reversed. All the Justices concur.*