## Hall et al., Appellants, *v.* Delaware, Lackawanna & Western Railroad Co..

*Railroads—Eminent domain—Grading right-of-way—Removal of earth and sand—Notice.*

1. A railroad company, which has obtained property under the right of eminent domain, may remove earth, sand and gravel necessarily excavated in grading its right-of-way, and use them anywhere else along the line of its road for the purpose of construction, reconstruction or repair of its right-of-way.

2. It has no right, however, to grade to an unnecessary depth in order to obtain such materials, or to sell or give away so much thereof as it does not need.

3. Every property owner whose land is about to be taken under the right of eminent domain, is affected with notice that the road will have to be so graded as to become substantially level, and that earth, sand and gravel obtained thereby may be used anywhere along the line of the railroad, and to make his claim for damages accordingly.

4. A statement of claim which avers only a removal from plaintiff's property, of earth excavated in the grading of a railroad's right-of-way, but does not aver that it was thereafter sold or given away, does not state a cause of action.

5. Lyon v. Gormley, 53 Pa. 261, explained; and Hendler v. Lehigh Valley Railroad Company, 209 Pa. 256, overruled, in so far as it seems to give color to the conclusion that a railroad company must make an additional payment to a property owner, if it removes earth, sand or gravel necessarily excavated in grading its right-of-way, and uses them elsewhere along its line.

Argued April 13, 1921. Appeal, No. 243, Jan. T., 1921, by plaintiffs, from judgment of C. P. Lackawanna Co., Jan. T., 1919, No. 283, for defendant on affidavit of defense raising question of law, in case of Lephe Hall and Jesse Hall v. Delaware, Lackawanna & Western Railroad Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Assumpsit to recover value of earth and gravel removed from plaintiffs' land.

Defendant filed an affidavit of defense raising questions of law.   Before MAXEY, J.

The opinion of the Supreme Court states the facts..

The court entered judgment for defendant.    See 49 Pa. C. C. R. 303; 21 Lackawanna Jurist 163.   Plaintiffs appealed.

*Error assigned* was judgment, quoting it.

*John P. Kelly,* with him *S. B., C. B.* and *J. H. Price,* for appellant.—It is believed this suit is ruled by Hendler v. R. R., 209 Pa. 256.

A railroad company, having only a right-of-way over land, has no right to take stone, or other materials, upon the line of its track, to aid in the construction of the road: Lyon v. Gormley, 53 Pa. 261; Nisley v. R. R., 1 Pearson 23.

*J. H. Oliver,* with him *Knapp, O'Malley, Hill & Harris,* and *D. R. Reese,* for appellee, cited: Hall v. R. R., 262 Pa. 292; Pettit v. R. R., 222 Pa. 490; Wilson v. R. R., 17 Pa. Dist. R. 151.

OPINION BY MR. JUSTICE SIMPSON, May 9, 1921:

Defendant, being desirous of widening and improving its right-of-way, filed a petition under the Act of March 17, 1869, P. L. 12, for leave to enter bond and take immediate possession of a strip of land belonging to plaintiffs.   The petition was granted, the bond was entered, and a jury of view appointed, under which proceedings, or on appeal from its award, plaintiffs either have or will recover the amount to which they are entitled by reason thereof.   In order to properly grade the land taken, defendant excavated and carried away a portion of the soil thereof, and in this case plaintiffs claim to recover its value, alleging it was removed from off their lands without their consent, and unlawfully converted by defendant to its own use.   The latter, in its affidavit

470 HALL et al., Appellants, *v.* DEL., LACKA. & W. R. R. CO.

Opinion of the Court.                    [270 Pa.

of defense, alleged it had a right so to remove it, the court below sustained this contention and entered judgment accordingly, whereupon plaintiff appealed.

It would be an affectation of learning to cite the many cases, in other jurisdictions, in which it has been decided that, in the absence of controlling statutory provisions, every railroad company, which takes land under the right of eminent domain, is entitled to use the earth, sand and gravel, necessarily excavated in grading its right-of-way, in the construction, reconstruction, or repair of any part of its line, whether on the landowner's property or beyond it, without making a separate payment therefor; but has no right to sell or give away the materials so acquired, or grade to an unnecessary depth in order to obtain them. Those who wish to examine the authorities so holding, will find them cited, commented upon and approved in Baldwin's American Railroad Law 109; Pierce on Railroads 159, 160; 1 Redfield on the Law of Railways 256, note 2; 2 Wood on Railroads (Minor's ed.) 896; 2 Lewis on Eminent Domain (3d ed.) 1480; 1 Mills on Eminent Domain, sec. 210; 1 Nichols on Eminent Domain (2d ed.) 608; 15 Cyc. 603-4; 10 Ruling Case Law 120; 20 Corpus Juris 590; and note to Cleveland, etc., Railway Co. v. Hadley, 179 Ind. 429, in 45 L. R. A. (N. S.) 796. Indeed, this may be said to be the universal rule, unless the cases in this State, hereinafter referred to, announce a different doctrine.

Moreover, this conclusion is in accord with universal practice, and is sound in principle. Every one knows that land thus taken is but part of a general improvement, and that the railroad company cannot be expected to run its tracks "up hill and down dale," as it would have to do if they were laid on the natural surface of the ground in this section of the country, especially in the hilly regions of Lackawanna County, where plaintiffs' land is situated. Hence, every property owner whose land is taken, is bound to know that if it is above

the grade then or thereafter adopted by the railroad company, it will be cut down until it reaches that grade, and if, elsewhere on the line, the natural surface of the ground is below the adopted grade, the hollow will be filled up accordingly. It has long been held that in order to enable a railroad company to accomplish its charter purposes, it is necessary that there should be vested in it a greater right than merely that of passage over the land acquired for its right-of-way, as witness the cases cited by our Brother KEPHART in the opinion in Citizens Electric Co. v. Susquehanna Boom Co., 270 Pa. 517. The vital thing, however, is not the name given to the estate acquired by the railroad company (for applying an old name to that which is sui generis, is apt to be followed by attempts to give all the attributes, usually applicable to the old title, to the new creation to which they do not belong), but what are the rights acquired by reason of the taking? and the answer to this question is, as in all other cases, those rights which, by legislation or in the nature of the thing, are necessary for the carrying on of the business to be carried on; in this case, the right to promptly grade and lay tracks on the right-of-way for its entire distance, for which purpose the State vested in the company a portion of her sovereign right of eminent domain.

If appellants' present claim was sustained, and logically carried to its legitimate conclusion, then every purely public body vested with the right of eminent domain, as well as every railroad company, would have a burden put upon it which would seriously interfere with the exercise of its public duties; for each are alike within the principle for which contention is made, and each, no matter at how distant a period of time from the original taking, would have to hunt up the owners of the reversion and give to them the earth, sand and gravel about to be removed, in any grading or regrading, under penalty of an action for damages, if they did not. Moreover, this principle would cover not only the soil, but

everything else on the right-of-way, and a reasonable time would have to be given for their removal, unless the railroad or municipality transported them, at its own expense, to such places as the landowner desired; and even then a reasonable time would have to be given him to express his desire. This would result in intolerable delays and expense. As illustrative: When the Pennsylvania Railroad Company took the property on Filbert Street between the Schuylkill River and the present Broad Street Station in the City of Philadelphia, it would have been compelled to either remove the buildings then on the ground to such other places as the property owners requested, or to allow the latter so to do; and this would be so in every similar instance, whether the taking was by a carrier or a municipality; thereby causing great delay and loss, and defeating pro tanto the right, given by statute, to take immediately upon entering security as provided by law.

It is strongly urged by plaintiffs, however, that no matter what the rule may be elsewhere, this court has decided in Lyon v. Gormley, 53 Pa. 261, and in Hendler v. Lehigh Valley Railroad Company, 209 Pa. 256, that, in this State, recovery can be had under such circumstances. So far as Lyon v. Gormley is concerned, this claim is easily controverted (entirely aside from the reasons given by the court below), for there defendant sold the excavated minerals and appropriated the proceeds to its own use; and hence the case is in accord with and not antagonistic to the general rule above stated.

Hendler v. Lehigh Valley Railroad Co., supra, is not so easily disposed of, however, largely because its statements are self-contradictory. It might be distinguished from the present case, on the ground that the question now being considered did not arise there, as is shown by the assignments of error, which are retained in this court for the express purpose of showing what we did decide: Cessna's Est., 192 Pa. 14; North Mountain

Water Supply Co. v. Troxell, 223 Pa. 315. Or it might be distinguished by the fact, appearing in the statement of the case, that the controversy there concerned sand taken from plaintiff's property outside of defendant's right-of-way; because this statement, being submitted to and approved by the judge who wrote the opinion, is conclusively determined to be the fact, for the purposes of the case as an authority, whether or not it agrees with the actual facts as appearing by an inspection of the record in the court below: Yoders v. Amwell Township, 172 Pa. 447, 457. Nevertheless, since, by such inspection in that case, it appears recovery was allowed for sand taken from both the right-of-way and other land of plaintiff therein, and the language of our opinion apparently approves the award in its entirety, a wise judicial policy, in the interest of certainty in the law and a decision upon principle, requires us to distinctly state, as we now do, that Handler v. Lehigh Valley Railroad Co., supra, is now overruled, in so far as it seems to give color to the claim that recovery can be had for the value of earth, sand and gravel, necessarily removed in the grading of a right-of-way, even though the railroad company does not sell or give it away; and that the rule, uniformly adhered to elsewhere, is the law of this State also.

In the instant case, the statement of claim avers only a removal of the excavated earth from plaintiffs' property; but since defendant had a right to do this, unless it sold or gave the earth away (neither of which is averred), it follows that a cause of action is not shown, and the court below correctly so decided.

The judgment of the court below is affirmed.