## Quertinmont v. Fancy Hill Coal Works.

*Coal lease—Reservation clause construed.*

A deed for coal lands, reserving the coal under certain farm buildings, contained the following clause: "With the further right to said second party, his heirs and assigns, to make, keep and maintain and use headings, entries, ways and passages, such only, however, as are necessary for the mining and transporting of the above described coal and coal from other tracts, and for supplying and carrying away water, in and through" the reserved coal. In connection with the mining of the coal conveyed, the defendant, a subsequent owner, made an entry into the reserved coal for purposes of a drainage and air-course, and drove certain headings for haulage ways, and converted the coal removed from the reserved tract to its own use. In an action to recover the value of the coal so removed from the reserved tract and appropriated by the defendant to its own use: *Held*, that the defendant had a lawful right to make the openings through the reserved coal, but had no legal right to convert the coal so removed to its own use, and must pay the plaintiff for the coal so taken.

Motions for a new trial and for judgment for defendant *non obstante veredicto*. C. P. Fayette Co., Sept. T., 1918, No. 382.

*Brownfield, Goodstein & McDaniel* and *H. S. Dumbauld,* for plaintiff.

*Sturgis, Morrow & Sturgis* and *George D. Howell,* for defendant.

VAN SWEARINGEN, P. J., Feb. 27, 1923.—This action was brought by plaintiff to recover from defendant the value of certain coal removed by defendant from plaintiff's land. The jury returned a verdict for plaintiff, and defendant's counsel filed a motion for judgment for defendant *non obstante veredicto*, and also a motion for a new trial. The motion for a new trial was not pressed at the argument, and the only question now before the court is whether or not judgment should be entered for the defendant notwithstanding the verdict.

By conveyances not in controversy, the plaintiff, for some time prior to the institution of this action, had been the owner of 2 acres and 159 perches of the nine-foot or Connellsville vein of coal within and underlying certain lands in Springhill Township, Fayette County, it being a tract reserved under the farm buildings in a conveyance of the coal adjoining and surrounding it by John Palmer, a former owner, to Walter W. Laughead. The defendant is successor in title to Laughead, and the plaintiff has title to the surface land of the farm and to the reserved coal, subject to the Palmer deed. The surrounding coal was made up of three separate tracts, which were conveyed with mining rights, including release of damages and the right to transport other coal through the openings made. The reserved coal is between two of the other described tracts, and as to it the Palmer deed provided:

"With the further right to said second party, his heirs and assigns, to make, keep and maintain and use headings, entries, ways and passages, such only, however, as are necessary for the mining and transporting of the above described coal and coal from other tracts, and for supplying and carrying away water in and through the nine-foot or Connellsville vein of coal in and under the parcel of said Palmer's land described on plot hereto attached and numbered '4,' containing 2 acres and 159 perches."

In mining the coal under the other tracts, the defendant, at a point marked "A" on the map of the premises offered in evidence, made an entry into the reserved coal for purposes of a drainage and air-course, and removed 796.78 tons of coal of a value of $497.99; at a point marked "B" on the map, the defendant drove headings for haulage-ways, and removed 3,173.32 tons of coal of a value of $1983.33; and at a point marked "C" on the map, the defendant inadvertently crossed the line into other coal of plaintiff, and

3 D. & C.

removed 30.24 tons of coal of a value of $18.90. All the coal so removed was appropriated by the defendant to its own use and was disposed of accordingly. The defendant admits liability for the value of the coal mined by it at point "C," and indicates its willingness that judgment be entered against it for the amount of that item, but it denies liability for the value of the coal mined by it at points "A" and "B." All the separate items mentioned were findings of the jury, and the total amount of the jury's verdict was $2500.22.

That the defendant had a right to make the openings through the reserved coal under the provisions contained in the Palmer deed is not seriously denied. But it is urgently contended by plaintiff that the defendant must pay the plaintiff the value of the coal so taken out and appropriated by the defendant to its own use. And it was on that theory that we submitted the case to the jury to ascertain the amount of coal so mined out and the value thereof in place at the time of its removal. In this we think there was no error. We are of opinion that the defendant had a right to remove the coal, but not to convert it to his own use.

Under the Palmer deed, the grantee and his successors in title took nothing more than rights of way through the reserved coal for the purposes designated. There was no conveyance of the coal in fee. Such was not the intention of the parties. The right conveyed by the deed was "to make, keep and maintain and use headings, entries, ways and passages" through the reserved coal. The right was nothing more than a right for passageways for haulage, ventilation and drainage. The fact that the passageways opened were underground does not call into operation any principles of law different from those applicable to other rights of way.

In Lyon v. Gormley, 53 Pa. 261, the defendant's testator, under the Lateral Railway Act of May 5, 1832, P. L. 501, had constructed an underground railroad on the land of Lyon, and had dug out and sold the coal, to recover the value of which the action was brought, and it was said by Mr. Justice Strong: "Our opinion is that the Lateral Railway Act of May 5, 1832, was intended to give the petitioner nothing more than a privilege to open, construct, complete and use a railway through the lands of another. The owner of the land is not divested of his right to the freehold, nor of his title to the stone, wood or minerals. The act fastens upon the land a servitude, but it does not disturb any right or ownership not essential to that servitude. Under the general railroad law, and in most of our railroad charters, provision is made only for the acquisition of a right of way, as also in the acts of assembly respecting ordinary highways. The proprietor of the land retains his exclusive right to all its mines, quarries, springs of water, timber and earth for every purpose not incompatible with the right of way." And further along in the opinion this is said: "We think, also, that an action of trover was properly brought. The coal had been lawfully severed from the freehold. It thus became personal property, and immediately on its severance the right of property and of possession was in the plaintiff. The subsequent sale by the defendant's testator was a conversion, and in that consisted the wrong."

In Hall v. Delaware, Lackawanna & Western R. R. Co., 270 Pa. 468, in speaking of property obtained by a railroad company under the power of eminent domain, it was said by Mr. Justice Simpson, in connection with the citation of numerous authorities: "In the absence of controlling statutory provisions, every railroad company which takes land under the right of eminent domain is entitled to use the earth, sand and gravel necessarily excavated in grading its right of way in the construction, reconstruction or repair of any part of its line, whether on the land owner's property or beyond

it, without making a separate payment therefor, but has no right to sell or give away the materials so acquired, or grade to an unnecessary depth in order to obtain them;" and as to the question of what rights are acquired by reason of the taking in an eminent domain proceeding, the court said: "The answer to this question is, as in all other cases, those rights which, by legislation or in the nature of the thing, are necessary for the carrying on of the business to be carried on."

In Monongahela Southern R. R. Co. v. Allebrand, 69 Pitts. L. J. 528, the grantor in a deed sold a tract of land to the railroad company in fee simple, reserving to the grantor, his heirs and assigns, the right to construct a cross-entry through the coal strata, to be maintained at all times so as to preserve the overlying premises, and the grantee sued to recover the value of the coal removed and sold in the construction of the cross-entry. It was held that the defendant had a right to remove the coal in the construction of the cross-entry, but that he had no right to sell it or in any other way convert it to his own use, and judgment was entered for the plaintiff.

It is neither alleged nor contended by the defendant in the present case that the coal mined by it from the reserved tract was "necessary for the carrying on of the business to be carried on" by the defendant. The contention of the defendant is that, as successor in title to the grantee in the Palmer deed, the defendant took title in fee to the coal in controversy. But the cases cited by defendant's counsel do not appear to us to rule the present controversy.

And now, Feb. 27, 1923, for the reasons stated in the opinion herewith filed, the motion for a new trial is overruled and dismissed and a new trial is refused, the motion for judgment for the defendant *non obstante veredicto* is denied, and it is ordered that judgment be entered on the verdict upon payment of the jury fee.

From Luke H. Frasher, Uniontown, Pa.