## Quertinmont *v.* Moore, Appellant.

*Mines and mining—Right of way through coal reserved—Title to coal removed to make right of way.*

Where the owner of a tract of coal in conveying it reserves a certain portion, but gives to the vendee a right to make ways and

Syllabus—Opinion of the Court.    [278 Pa.

passages through it to remove the coal conveyed, the vendee has the right to make the ways through the coal reserved, but he has no title to the coal itself which he removes in doing so, and for this he must account to his grantor.

Argued May 8, 1923.    Appeal, No. 324, Jan. T., 1923, by defendant, from judgment of C. P. Fayette Co., Sept. T., 1918, No. 382, on verdict for plaintiff, in case of Jules J. Quertinmont v. John B. Moore, Trustee under the designation of Fancy Hill Coal Works.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Trespass to recover damages for mining coal.    Before SWEARINGEN, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,500.22.    Defendant appealed.

*Error assigned* was refusal of judgment n. o. v. for defendant, quoting record.

*W. J. Sturgis,* with him *S. J. Morrow* and *Dean D. Sturgis,* for appellant, cited: Kingsley v. Coal & Iron Co., 144 Pa. 613; Caldwell v. Fulton, 31 Pa. 475; Fairchild v. Furnace Co., 128 Pa. 485; Lazarus's Est., 145 Pa. 1; Hope's App., 33 Pitts. L. J. 270; Hall v. R. R., 270 Pa. 468.

*H. S. Dumbauld,* with him *L. B. Brownfield,* for appellee, cited: Lyon v. Gormley, 53 Pa. 261; Hendler v. Ry., 209 Pa. 256; Hall v. Ry., 270 Pa. 468.

PER CURIAM, June 23, 1923:

We adopt the following excerpts from the opinion of the court below: "This action was brought......to recover......the value of certain coal removed by defendant from plaintiff's land.    The jury returned a verdict for plaintiff,......and the only question now before us

is whether or not judgment should be entered for defendant notwithstanding the verdict.

"By conveyances not in controversy, plaintiff, for some time prior to the institution of this action, had been the owner of 2 acres and 159 perches of the nine-foot, or Connellsville, vein of coal within and underlying certain lands in Springhill Township, Fayette County, it being a tract reserved under the farm buildings in a conveyance of the coal adjoining and surrounding it by John Palmer, a former owner, to Walter W. Laughead. Defendant is successor in title of Laughead, and plaintiff has title to the surface land of the farm and to the reserved coal, subject to the Palmer deed. The surrounding coal was made up of three separate tracts, which were conveyed with mining rights, including release of damages, and the right to transport other coal through the openings made. The reserved coal is between two of the other described tracts, and as to it the Palmer deed provided: 'With the further right to said second party, his heirs and assigns, to make, keep, and maintain and use headings, entries, ways, and passages, such only, however, as are necessary for the mining and transporting of the above-described coal and coal from other tracts, and for supplying and carrying away water in and through the nine-foot or Connellsville vein of coal in and under the parcel of said Palmer's land described on plot hereto attached and numbered 4, containing 2 acres and 159 perches.'

"In mining the coal under the other tracts, defendant, at a [certain designated] point......'A'......made an entry into the reserved coal for purposes of a drainage and air course, and removed 796.78 tons of coal of a value of $497.99; at [another such] point......'B' ......drove headings for haulage ways, and removed 3,173.32 tons of coal of a value of $1,983.33; and at [still another] point......'C'......, inadvertently crossed the line into other coal of plaintiff and removed 30.24 tons of coal at a value of $18.90.

"All the coal so removed was appropriated by defendant to its own use and was disposed of accordingly. Defendant admits liability for the value of the coal mined by it at point "C"....... but denies liability for the value of the coal mined by it at points 'A' and 'B' All the separate items mentioned were findings of the jury, and the total amount of the jury's verdict was $2,500.22.

"That defendant had a right to make the openings through the reserved coal under the provisions contained in the Palmer deed is not seriously denied, but it is urgently contended by plaintiff that defendant must pay plaintiff the value of the coal so taken out and appropriated by defendant to its own use; it was on this theory ......the case [was submitted] to the jury to ascertain the amount of coal so mined out and the value thereof in place at the time of its removal. In this......there was no error......; defendant had a right to remove the coal, but not to convert it to its own use.

"Under the Palmer deed the grantee and his successors in title took nothing more than rights of way through the reserved coal for the purposes designated; there was no conveyance of the coal in fee,—such was not the intention of the parties. The right conveyed by the deed was to 'make, keep, and maintain and· use headings, entries, ways, and passages' through the reserved coal. The right was nothing more than a right for passageways for haulage, ventilation and drainage. The fact that the passageways opened were underground does not call into operation any principles of law different from those applicable to other rights of way."

For principle involved, see Hall v. Delaware, Lackawanna & Western Railroad Company, 270 Pa. 468, and authorities there cited. We need add only that the deeds involved do not show or indicate an intention to sell or convey the coal here in controversy, but merely to grant a right to make, keep, maintain and use necessary headings, entries, ways and passages through it.

The judgment is affirmed.