19175. BROWN *v.* COBB COUNTY *et al.*

ARGUED JANUARY 9, 1956—DECIDED FEBRUARY 13, 1956.

*Frank E. Blankenship*, for plaintiff in error.

*J. G. Roberts*, contra.

DUCKWORTH, Chief Justice. Counsel for the plaintiff in error strongly insist that, even if the petition does not state a cause of action entitling the petitioner to a declaratory judgment, it states a cause of action for other relief and it was error to sustain the general demurrer and dismiss the petition. Thus this contention calls for a procedural review of the difference between the declaratory-judgment action and other remedies at law and equity.

"All suits in the superior courts for legal or equitable relief or both shall be by petition" and pray for process. Code § 81-101. But these requirements do not apply to "special statutory proceedings." Code § 81-102. And the day on which an original petition is deposited in the clerk's office shall be known as the return day of that case. Code (Ann. Supp.) § 81-111 (Ga. L. 1946, pp. 761, 767). The clerk must annex to every petition a process, unless it is waived, which is signed by the clerk or his deputy bearing teste in the name of the judge, requiring the defendant to answer the petition within 30 days after service. If the period of time between the appearance day and the day on which the next regular term of court is scheduled by law to begin is 30 days or more, the case is returnable to that term, but if that

period is less than 30 days, the case shall be returnable to the next regular term thereafter. Code (Ann. Supp.) § 81-201 (Ga. L. 1946, pp. 761, 768). As to all classes of cases where there is an appearance term, when service is not made in the length of time required by law before the appearance term, the service is good for the next succeeding term, which shall be the appearance term. Code (Ann. Supp.) § 81-218 (Ga. L. 1946, pp. 761, 773).

The foregoing statutory provisions are applicable to all suits at law or in equity, except special statutory proceedings which are exempt therefrom by Code § 81-102. It is obvious, therefore, that, in the absence of a waiver by the defendant, no petition for relief at law or in equity or both can be maintained, or states a cause of action, unless it conforms thereto. Of course it is settled law that, when a petition meets the foregoing requirements and prays for both legal and equitable relief, it is not subject to dismissal on demurrer because its allegations do not authorize all relief sought if it alleges enough to authorize any of the relief prayed. *Arteaga* v. *Arteaga,* 169 *Ga.* 595 (4) (151 S. E. 5); *Shingler* v. *Shingler,* 184 *Ga.* 671 (2) (192 S. E. 824); *Parnell* v. *Wooten,* 202 *Ga.* 443 (43 S. E. 2d 673); *Pardue Medicine Co.* v. *Pardue,* 194 *Ga.* 516 (22 S. E. 2d 143); *Kanes* v. *Koutras,* 203 *Ga.* 570 (47 S. E. 2d 558); *Mullins* v. *Barrett,* 204 *Ga.* 11 (48 S. E. 2d 842).

But since a proceeding under the Declaratory Judgments Act is a special proceeding to declare rights, and provides for a special proceeding (Code, Ann. Supp., § 110-1104), ordinary relief in equity or at law can not be granted in a proceeding brought thereunder. Whereas, under general law applicable to ordinary suits at law or in equity, there must be 30 days after service in which the defendant may answer; but in this special statutory proceeding the case may be tried at any time designated by the judge not earlier than 20 days after service. Trials, even with juries, may be had, either in term or vacation. Code (Ann. Supp.) § 110-1104. It is clear, therefore, that—even if the petition in this case, which is expressly brought under the Declaratory Judgments Act and which prays for the court to set the date for trial, alleges facts that would in a proper suit authorize either equitable relief or legal relief—nevertheless, it utterly fails to show that the petitioner is entitled in this action to such relief because it shows that the court is without power to grant the same.

And since it fails to allege a situation of uncertainty and insecurity with respect to the propriety of some future act or conduct, which action without such direction might reasonably jeopardize the petitioner's interest, it fails to allege a cause of action for a declaration of rights. *Clein* v. *Kaplan,* 201 *Ga.* 396 (40 S. E. 2d 133); *Mayor &c. of Athens* v. *Gerdine,* 202 *Ga.* 197 (42 S. E. 2d 567); *Sumner* v. *Davis,* 211 *Ga.* 702 (88 S. E. 2d 392). Accordingly, the court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*