20721.  TRAVELERS INDEMNITY COMPANY *v.* CALLAWAY.

CANDLER, Justice.  On September 26, 1957, Travelers Indemnity Company issued and delivered to William C. Callaway a liability-insurance policy covering a 1955 Chevrolet dump truck.  It afforded coverage up to a stated amount for any damage which the insured was liable for, resulting from bodily injury to a third person while said truck was being used for the sole purpose of hauling asphalt and gravel for Wilkes Construction Company.  On June 9, 1958, and while hauling certain materials for Wilkes County, the insured's truck collided with another truck which was then being driven by H. Boyd Russell, and physically injured Daniel Lee Dunn, who was riding in the insured's truck.  A suit for a stated amount of damages was instituted by Dunn against the insured and H. Boyd Russell, which suit is still pending.  After Dunn's suit was filed Travelers Indemnity Company filed a proceeding against the insured and against Dunn and his attorney of record, Walton Hardin, and prayed for process; a determination of its rights and liability under the policy of liability insurance it had is-

sued to Callaway; that Dunn and his attorney of record be restrained and enjoined from proceeding with or prosecuting the suit which Dunn had filed against Callaway and Russell for damages, "until the rights of the parties in this declaratory action and petition for further relief shall be finally declared and decreed"; that H. A. Beard, as Clerk of the Superior Court of Wilkes County, be made a party defendant to the cause and restrained from marking the case of Dunn against Callaway and Russell in default until the further order of the court; and that petitioner be granted such other and further relief as to the court may seem proper. When this petition was filed in Wilkes Superior Court, the clerk thereof issued the process prayed for bearing teste in the name of the judge and a copy of it, together with a copy of the petition, was duly served on the defendants therein named. Later Callaway, the insured, brought an equitable suit against Travelers Indemnity Company and prayed that the liability policy which it had issued to him be reformed so as to show general rather than limited liability on the insurer's part, alleging that the policy was incorrectly prepared by the insurer, and that such error in the policy resulted from fraud on the part of the insurer and mistake on his part. His petition for equitable relief also alleges pendency of the other two above-mentioned cases. The aforementioned three cases were all filed in the Superior Court of Wilkes County. The court overruled a general demurrer to Callaway's equitable petition for reformation and refused to dismiss it. The exception is to that judgment. *Held:*

"A defendant to any suit or claim in the superior court, whether such suit be for legal or equitable relief, may claim legal or equitable relief, or both, by framing proper pleadings for that purpose, and sustaining them by sufficient evidence." Code § 37-905. In *Clay* v. *Smith,* 207 *Ga.* 610 (63 S. E. 2d 602), this court in headnote 2 of the opinion unanimously said: "A defendant in a suit in the superior court is bound to set up all defenses that he has to the suit, either legal or equitable, and to pray for all the relief needed in aid thereof, ordinary or extraordinary; and he cannot at will decline to litigate as a defendant over these matters and bring an independent suit against his adversary who has already brought him into court." There, it was held that the plaintiff's independent suit was properly dismissed on general demurrer. In *McCall* v. *Fry,*

120 *Ga.* 661 (48 S. E. 200), by a full-bench decision it was said: "The purpose of the uniform procedure act of 1887 was to vest in the superior courts the authority to settle in one suit the controversy between the parties, without reference to the question whether the plaintiff's cause of action was legal or equitable, or whether the defendant's defense was one which a court of law would recognize or one which, under the old procedure, would have required the interposition of a court of equity in order to give effect to equitable rights or to enforce equitable remedies, ordinary or extraordinary. When a plaintiff sues a defendant in the superior court, the policy of the law, as indicated by the acts of 1884 and 1887 and kindred legislation, requires the controversy growing out of the cause of action alleged by the plaintiff to be settled in that suit. . ." McCall's case was cited for like rulings in *Jeffrey McElreath Mfg. Co.* v. *Hill,* 212 *Ga.* 183 (1) (91 S. E. 2d 337); and in *Vaughan* v. *Vaughan,* 209 *Ga.* 730 (75 S. E. 2d 545), where the opinions were prepared for the court by Chief Justice Duckworth. For other cases where like rulings were made, see *Earney* v. *Owen,* 213 *Ga.* 412 (99 S. E. 2d 201), and the cases there cited. The plaintiff (Callaway) in this equitable action had, prior to the filing of his petition, been brought into court as a defendant by his insurance carrier's suit for a declaration of its rights and liabilities under the policy of insurance issued to him, and in that proceeding he could have set up his contention that he ordered and purchased a policy containing a coverage of general liability insurance, and in order to establish his contention he could have prayed for reformation of his policy on the ground that it did not correctly speak the contract of the parties thereto because of fraud on the insurer's part and mistake on his part. Since the petitioner in this case could have by proper pleadings and proof obtained all of the relief here sought in the declaratory-judgment proceeding, which the defendant in this case had previously instituted against him in the same court, it is well settled by the authorities cited above that he cannot institute an independent suit against the plaintiff for the recovery of any relief that he could have sought and obtained in the declaratory-judgment proceeding which brought him into court and, since by proper pleadings and proof in that proceeding, he could have obtained all of the relief sought and prayed for in his equitable suit, the institution of such an

independent suit was not necessary, and the court for that reason erred in not dismissing his petition on general demurrer. The instant case is distinguishable from, and therefore not controlled by, *Brown* v. *Cobb County*, 212 *Ga.* 172, 174 (91 S. E. 2d 516), which was decided on February 13, 1956, and where it was held that the *plaintiff* in a proceeding brought squarely under the provisions of and the procedure provided for by our declaratory-judgment act of 1945 can obtain no relief except a declaration of his rights and liabilities respecting the alleged justiciable controversy between the parties to that proceeding. However, that case deals only with the relief which a *plaintiff* can obtain in a declaratory-judgment proceeding brought strictly under the Declaratory Judgment Act of 1945, and has no reference to germane defenses which the defendant may set up and urge when brought into court by a petition for declaratory relief; and this is especially true where the petition, as here, contains a prayer for process, and where such process is accordingly issued and the defendant is served with a copy of it, together with a copy of the petition.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 11, 1960—DECIDED FEBRUARY 11, 1960.

*Harry L. Greene, Clement E. Sutton,* for plaintiff in error.
*T. Reuben Burnside, Walton Hardin,* contra.