20909. WOODSIDE *et al.* v. STATE HIGHWAY DEPARTMENT.

ARGUED JUNE 14, 1960—DECIDED JULY 12, 1960—REHEARING
DENIED JULY 25, 1960 AND JULY 29, 1960.

*Houston White,* for plaintiffs in error.

*Eugene Cook, Attorney-General, Carter Goode, Assistant Attorney-General,* contra.

QUILLIAN, Justice. ■ The petition set forth facts from which appeared the need of the immediate determination of the important question as to whether and what lateral and other support the plaintiff was legally bound to furnish for the parts of the building left standing upon the lots of the defendants coterminous to the right-of-way. The decision of this question was necessary, according to the averments of the petition, in order that the construction of the highway might proceed without undue delay. The petition further alleged that there was an actual controversy and a justiciable issue concerning its duty to furnish support for the buildings on the defendants' adjacent property. Hence, the petition did set forth all of the facts necessary to entitle the plaintiff to the declaratory judgment prayed. Code (Ann.) § 10-1101; *Brown v. Lawrence,* 204 Ga. 788 (51 S. E. 2d 651); *Publix-Lucas Theaters v. City of Brunswick,* 206 Ga. 206 (56 S. E. 2d 254); *Sanders v. Harlem Baptist Church,* 207 Ga. 7 (59 S. E. 2d 720); *Brown v. Cobb County,*

212 Ga. 172 (91 S. E. 2d 516); *Hansell v. Citizens & Southern National Bank,* 213 Ga. 205 (98 S. E. 2d 622). None of the special demurrers to the petition as amended were meritorious.

■ The defendants' pleas of nonjoinder which alleged that the action was one brought under Code (Ann.) § 95-1710 and that according to that statute Fulton County was a necessary party to the suit were properly stricken. The suit was for a declaratory judgment and was not brought under Code (Ann.) § 95-1710, hence, a provision of that statute relating to necessary parties was inapplicable to the case made by the petition.

■ The cross-action sought to recover damages to the defendant's property arising out of the unskillful and negligent manner in which the plaintiff prepared the right-of-way. The trial judge did not err in dismissing the cross-action. The cause set out in the petition was for a declaratory judgment to determine certain rights of the plaintiff incident to the plaintiff's use of the right-of-way acquired by the City of Atlanta through the exercise of the power of eminent domain. The cross-action undertook to assert a cause of action for damages arising from the plaintiff's negligence. The cause alleged in the cross-action was not germane to that set forth in the petition. In the case of *Warwick v. Ocean Pond Fishing Club,* 206 Ga. 680, 687 (58 S. E. 2d 383), is the pronouncement: "The petitioner's cause of action was to enjoin an alleged trespass and to establish a dividing line. The defendant's claim for damages, based upon a trespass in an entirely different matter, was not germane and should have been disallowed." *Brownlee v. Warmack,* 90 Ga. 775 (17 S. E. 102); *Atlanta Northern Ry. Co. v. Harris,* 147 Ga. 214 (93 S. E. 210). In this connection see Code § 8-106.

The sole ground upon which this court rules that the cross-action was properly dismissed by the trial court is that the case therein made was not germane to the action set forth in the petition. No other objections to the cross-action are now ruled upon. This is not to be construed as passing upon the defendant's rights to recover damages in another suit.

■ The court did not err in holding that the plaintiff owed no duty to furnish lateral or other support to the part of the

building standing on the portion of the defendant's property not taken. The decree entered up in the proceeding to condemn the right-of-way and which was a part of the evidence adduced on the trial, vested in the plaintiff as successor to the original condemnor title to and the right to use the condemned lands as a highway right-of-way up to the line of the property not taken. Where in the exercise of the power of eminent domain a highway right-of-way is condemned it would be illogical to assume that the whole parcel or strip of land condemned would not be used as a right-of-way.

The consequential damages awarded the defendants were to compensate them for all damages to the parts of the property not taken, caused by the prudent and proper preparation of the right-of-way as a highway. "The assessment of compensation for land taken for a railway covers all damages, whether foreseen or not, and whether estimated or not, which result from a proper construction of the road." *Gilbert v. Savannah, Griffin & North Alabama Railroad,* 69 Ga. 396, 399. The case of Talcott Bros. v. City of Des Moines, 134 Ia. 113 (109 N. W. 311) holds: "Within our view the reasoning in Callender v. Marsh, supra, and approved in Creal v. Keokuk, to the effect that the grant to the city, whether by dedication, by condemnation, or purchase, carried with it the right to injure, if this need be in reason, the abutting property in making such improvements as the necessities of public travel should reasonably require, is unanswerable. And, indeed, in no one of the cases holding to the liability doctrine was there a serious attempt made to answer it." A similar holding is found in Hall v. Delaware, L. & W. R. Co., 270 Pa. 468 (113 A. 669, 21 A. L. R. 1128). "Everyone knows that land thus taken is but part of a general improvement, and that the railroad company cannot be expected to run its tracks 'up hill and down dale,' as it would have to do if they were laid on the natural surface of the ground in this section of the country, especially in the hilly regions of Lackawanna county, where plaintiffs' land is situated. Hence, every property owner whose land is taken is bound to know that, if it is above the grade then or thereafter adopted by the railroad company, it will be cut down until it reaches the grade,

and, if elsewhere on the line the natural surface of the ground is below the adopted grade, the hollow will be filled up accordingly."

The defendant must have been aware when claiming consequential damages that the right-of-way might and probably would be cut down and graded up to their property line in order to conform with the general lines and contours of the highway to be constructed.

Hence, the loss of lateral support for that part of the property not taken was one of the elements of consequential damages that should have been anticipated by the parties—a damage so normally expected to result from the nature and purpose of putting the right-of-way to the use for which it was taken.

*Judgment affirmed with direction. The trial judge is directed to modify his judgment dismissing the cross-action to conform with the rulings of this court. All the Justices concur, except Duckworth, C. J., Head, P. J., and Hawkins, J., who dissent from the ruling in the third division of the opinion and from the judgment of affirmance.*

HAWKINS, Justice, dissenting. The plaintiff's original petition prayed: "That the court declare the rights of all the parties hereto with reference to the completion of the demolition of the building on the Expressway side of the new property lines; and the clearing of the right-of-way for the completion of said Expressway; and the performance of such duties laid upon, and the exercise of such rights as may be declared to be vested in, petitioner with respect to the matters set forth herein." Without reaching the question of whether the cross-action states a good cause of action against the Highway Department for the damaging of private property for a public purpose, I dissent from the ruling in the 3rd division of the opinion that the matters therein referred to are not germane to the plaintiff's petition, and from the affirmance of that judgment. *Spears v. Scott,* 111 Ga. 745 (36 S. E. 950); *Verginadis v. Atlanta Milling Co.,* 173 Ga. 626 (1) (160 S. E. 800); *Travelers Indemnity Co. v. Callaway,* 215 Ga. 684 (113 S. E. 2d 136).

I am authorized to say that Mr. Chief Justice Duckworth and Mr. Presiding Justice Head concur in this dissent.