## BESSMAN *et al. vs.* CRONAN *et ux.*

There must exist some special circumstances to authorize equitable interference in behalf of a creditor seeking to collect his debt, even though it be in judgment. Void transfers of property, void homesteads, etc., not being in the way of a judgment at law, do not constitute such speeial circumstances.

Equity. Before Judge SIMMONS. Bibb Superior Court. April Term, 1880.

Reported in the decision.

LANIER & ANDERSON, for plaintiffs in error.

W. DESSAU ; H. F. STROHECKER, for defendants.

CRAWFORD, Justice.

The complainants, Bessman, The Macon Building and Loan Association, O'Connell and Murphy, filed their bill alleging that the defendant, Cronan, is indebted to them, and they pray the aid of a court of equity to enable them to realize on their several claims. ,

The complainant, Bessman, has *fi. fas.* upon which a return of *nulla bona* has been made, and he alleges that his debtor, Cronan, without consideration, transferred a portion of his real estate to his nephew, Hurley, who, again without consideration transferred, the same to Ellen Cronan, the wife of his said debtor, all of which was done to hinder, delay and. defraud his creditors.

The Building and Loan Association alleges for itself that Cronan is indebted to the said association for borrowed money, and to secure the payment of which he, with the

consent of his wife, executed a deed to a certain other portion of land, with power of sale to said association, but that before the execution thereof a homestead had been set apart in the said land for the benefit of the family of the said Cronan, but of which they had no notice. In this connection it is further alleged that this pretended homestead exemption is not good and valid in law, and that the same is a mere nullity, but that it is nevertheless a cloud on their title.

The complainant, O'Connell, alleges that he has been employed by the said Cronan and his wife, Ellen; that they are indebted to him for his services; that he has a laborer's lien on the property of the said parties; that all the transfers thereof were made fraudulently, and that all the property claimed by the said Ellen is liable to the payment of the same.

The complainant, Murphy, alleges that he loaned Cronan $300.00 without security, believing him to be solvent; that afterwards he took from Cronan and his wife a several note, but which has not been paid; that all the transfers of land and other property were fraudulent; that other lands have been bought, the title to which is in the said Ellen, but were paid for by the money of Cronan, and should be declared subject to the payment of his debts.

The allegations of these complainants constitute the grounds of their respective equities, and upon which they ask a decree declaring that all the aforesaid property shall be subjected to sale and the payment of their several demands.

Equity powers and equity jurisdiction have been steadily invoked and increased until it might well be inquired whether the common law courts are powerless to give any security to rights. It is true that it is enacted that equity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law. The chancellor below, after argument had on demurrer to this bill, held that the same be sustained and the bill be dismissed, which judgment is assigned as error.

If the facts set up by each one of the complainants were separately presented, as being sufficient to authorize the interposition and aid of a court of equity, we hardly think that it would be insisted that they were, and the party would be left to his remedy at common law. Their equities are the same severally or jointly considered.

A judgment at law binds all the property of the defendant from its rendition, and all transfers or contracts made of any description to defraud creditors when the same is known to the party taking, are void ; if, therefore, the allegations in this bill are true, the transfers of Cronan are not in Bessman's way.

A homestead which is a mere nullity cannot stand in the way of a *bona fide* mortgage *fi. fa.* and prevent a sale under it.

There must exist some special equity to entitle a general creditor whose claim is unliquidated, and not reduced to judgment, to equitable interference in his behalf.

Where complainants have a complete remedy at law equity will not assume jurisdiction, even in cases of fraud.

Judgment affirmed.