### PETERSON *v.* LOTT *et al.*

FISH, C. J. In *Wadley Lumber Co.* v. *Lott*, 130 *Ga.* 135 (60 S. E. 836), the deed made by Peterson to Lott in 1882, upon the construction of which their respective rights in the present case depend, was construed. It was there held that this instrument conveyed the fee in the land therein described to Lott, subject, however, to the right of Peterson to have it reconveyed to him when Lott died, or offered the land for sale, upon his paying the original purchase-money and the value of all improvements placed by him upon the land, estimated in the manner provided for in the deed, and that, as neither of these events had happened when the Wadley Lumber Company cut the sawmill timber from the land, the title conveyed by Peterson to Lott was then as completely in Lott as it was on the date of the execution of the deed, and he therefore had the right to recover from the lumber company for the cutting of such timber, although such company cut the timber under a conveyance of the timber which it received from Peterson in January, 1904; and the judgment of the trial court, to this effect, was affirmed.

It follows, that although Lott, since he recovered this judgment against the lumber company, may have offered the land for sale and may thereafter have refused to accept from Peterson the amount of the original purchase-money for the land, together with the value of the improvements placed by Lott thereon, and to thereupon reconvey the land to Peterson, the latter is not, under a cross-petition seeking

specific performance, but making no case for equitable set-off against an insolvent, filed by him in a suit brought against him by the former to recover damages for the cutting and using of the timber by the lumber company, entitled to have Lott, by injurction, prevented from collecting the amount of his judgment against such company, although, if he does so, Peterson may be liable to the lumber company for a breach of the warranty of title to the timber, contained in the deed which he made to that company.

*Judgment affirmed. All the Justices concur.*

Submitted November 7, 1908.—Decided April 14, 1909.

Petition for injunction. Before Judge Parker. Coffee superior court. September 12, 1908.

Lott sued Peterson to recover the value of timber cut from certain land by the Wadley Lumber Company, which claimed the right so to do under a conveyance from Peterson, Lott alleging that he also claimed under a prior deed from Peterson. Peterson denied any right of recovery in Lott, and alleged that he alone was entitled to the timber and its proceeds; and by way of cross-action he asked that Lott be enjoined from collecting a judgment he had recovered against the Wadley Lumber Company for damages from the cutting of this same timber; for that Peterson was a warrantor of title to the lumber company, and would, if Lott should enforce the collection of his judgment, have to reimburse that company and then come back on Lott for redress, which would result in multiplicity of suits and circuity of action. Error was assigned on the denial of the injunction.

*Charles T. Roan* and *F. Willis Dart,* for plaintiff in error, cited 130 *Ga.* 135; 123 *Ga.* 622; 60 *Ga.* 260.

*Graham & Graham, Lankford & Dickerson, J. W. Quincey,* and *Levi O'Steen,* contra, cited Civil Code, §§3746, 4902, 4913, 4915, 4918, 4944; 42 *Ga.* 124, 131, 134; 56 *Ga.* 144; 65 *Ga.* 559; 69 *Ga.* 491, 665; 88 *Ga.* 100; 119 *Ga.* 981; 126 *Ga.* 50; 117 *Ga.* 160; 130 *Ga.* 136; 13 *Ga.* 478; 90 *Ga.* 775; 73 *Ga.* 276; 113 *Ga.* 886; 120 *Ga.* 727, 1018; 59 *Ga.* 610; 81 *Ga.* 210; 110 *Ga.* 392; 90 *Ga* 416; 105 *Ga.* 584; 104 *Ga.* 118; 114 *Ga.* 691; 51 *Ga.* 257; 47 *Ga.* 530; 3 Dan. Ch. Pr. 1742, 1743.