PETERSON, v. LOTT.

FISH, C. J. Peterson conveyed a described parcel of land to Lott. The conveyance contained a condition subsequent to the effect that if Lott should "offer [the land] for sale during his lifetime," then Peterson should have the right to have the land reconveyed to him upon his paying Lott a given sum (which was the purchase-price Lott had paid Peterson), and in addition the value of whatever improvements Lott should make upon the land, to be ascertained in a prescribed manner. The conveyance was construed by this court in *Wadley Lumber Co.* v. *Lott*, 130 *Ga.* 135 (60 S. E. 836), where it was held that the instrument conveyed a fee in the land to Lott, subject to the right of Peterson to have it reconveyed to him if the condition subsequent should be broken by Lott, and upon Peterson repaying the original purchase-money and the value of the improvements as above stated. See also *Peterson* v. *Lott*, 132 *Ga.* 366 (64 S. E. 268). Lott brought an action against Peterson for damages for the trespass of the Wadley Lumber Company in cutting the timber from the land under a lease made by

Peterson to the lumber company subsequently to the conveyance made by Peterson to Lott. The cross-bill set up that there had been a breach of the condition subsequent contained in the conveyance made by Peterson to Lott, by reason of the fact that Lott had offered the land for sale. He further alleged, that, after such breach, the value of the improvements placed upon the land by Lott had been ascertained in the manner prescribed in such conveyance, and that he had tendered the original purchase-price with interest thereon and the value of such improvements to Lott, and requested him to reconvey the land to Peterson, and that Lott had refused to accept the tender and to reconvey the premises. It appeared from the cross-bill that the alleged breach of the condition by Lott was subsequent to the alleged trespass. The prayer of the cross-bill was, that, upon the payment by Peterson to Lott of the original purchase-price with interest and of the value of the improvements placed by him on the land, he be decreed to reconvey the land to Peterson. *Held*, that the cross-bill was properly stricken on demurrer, as it sought to introduce new and distinct matter not embraced in the original action. *Josey* v. *Rogers*, 13 *Ga.* 478; *McDougald* v. *Dougherty*, 14 *Ga.* 674; *Johnson* v. *Stancliff*, 113 *Ga.* 886 (39 S. E. 296); 2 Dan. Ch. Pr. 1548; Story's Eq. Pl. § 399. See also, *Carlton* v. *Southern Mutual Co.*, 72 *Ga.* 371, 392; *Brownlee* v. *Warmack*, 90 *Ga.* 775 (17 S. E. 102). At the time the timber was alleged to have been cut the fee to the land was in Lott, and the case set out in his petition was for the recovery of damages for the cutting of the timber at that time, the question thus raised being whether Peterson was liable for such trespass; while the question presented by the cross-petition of Peterson was whether Lott had, subsequently to such alleged trespass by Peterson, forfeited his right to the fee in the land by breaking the condition in the conveyance Peterson had made to him. The subject-matter of the cross-petition did not grow out of the original suit, and was therefore not germane.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*

DECEMBER 13, 1911.

Complaint. Before Judge Parker. Coffee superior court. October 4, 1910.

*F. Willis Dart* and *C. T. Roan*, for plaintiff in error.

*Graham & Graham, Levi O'Steen*, and *Lankford & Dickerson*, contra.