BIBB SEWER PIPE COMPANY *v.* WESTINGHOUSE ELECTRIC AND MANUFACTURING COMPANY.

FISH, C. J. The action was for the recovery of a specified balance of the purchase-price alleged to be due for a certain apparatus sold by plaintiff to defendant under a written contract containing stipulations that "All previous communications between the parties hereto, either verbal or written, with reference to the subject-matter of this [contract] are hereby abrogated, and this [contract] . . constitutes the agreement between the parties hereto; and no modification of this agreement shall be binding upon the parties hereto, or either of them, unless such modifications shall be in writing, duly accepted by the purchaser and approved by an executive officer of the company," the plaintiff; and that "the receipt of the apparatus by the purchaser upon its delivery shall constitute a waiver of all claims for loss or damage due to delay."

The defendant in its answer sought to set up as a defense a parol agreement claimed to have been made by defendant with the sales agent of the plaintiff at the time of the execution of the written contract, which alleged agreement was an addition to the terms of the written contract and at variance therewith. The answer sought further to set up damages claimed to have been sustained by the defendant on account of delay by the plaintiff in delivering the apparatus, though it had been received by the defendant without objection so far as appears from the record. The defendant admitted the execution of the written contract, and made no contention that defendant was induced to execute it by either fraud, accident, or mistake. *Held*, that the court did not err in striking, on motion of the plaintiff, so much of the answer as sought to set up the defenses above indicated. This above ruling covers the grounds urged by the plaintiff in error as reasons for a reversal.

*Judgment affirmed. All the Justices concur.*
AUGUST 18, 1914.

Attachment. Before Judge Mathews. Bibb superior court. July 9, 1913.

*Ellis & Jordan,* for plaintiff in error.
*Ryals & Anderson,* contra.