## STATE OF GEORGIA *et al.* v. CALLAWAY, executor, *et al.*

1. Sustaining of demurrer to supplemental petition to set aside an arbitration and award of assessments of property for taxation under the law of force (Park's Code, § 1116 (d), Ga. L. 1910, p. 22) before the act of July 31, 1818 (Ga. L. 1918, p. 232), *held* not erroneous; the reasons for this ruling appearing in the opinions of the four participating Justices.

2. A cross-petition seeking to introduce new and distinct matters not involved in the action as brought was subject to dismissal on demurrer.

No. 2380. MARCH 4, 1922.

Equitable petition. Before Judge Hammond. Richmond superior court. November 29, 1920.

On July 28, 1919, the tax-receiver of Richmond County made assessments for taxation of certain corporate stocks and bonds belonging to the estate of J. B. White, late of Richmond County, this State, who died testate in 1917. The assessments were for the years 1911 to 1917, both inclusive. White had not returned these securities assessed by the receiver for any of those years, nor had Callaway, as executor of his will, returned the same. The executor, being dissatisfied with the assessments made by the receiver, as they were in his opinion excessive, demanded that the matter of such assessments be submitted to arbitration in accordance with the act of 1910 (Georgia Laws 1910, p. 22) codified in the Political Code, § 1116 (d). Thereupon the executor chose an arbitrator, the tax-receiver chose another, and, these two being unable to agree upon the assessments and upon an umpire, the county commissioners of Richmond County appointed an umpire. On September 2, 1919, the State, for itself and in behalf of Richmond County, presented to the judge of the superior court of that county a petition to enjoin the arbitration proceeding, on the ground of alleged disqualification of two of the arbitrators, and because they had not taken oaths applicable to arbitrations under the act of 1910, above referred to. The judge refused, on the last-mentioned date, to grant an interlocutory injunction, and denied a supersedeas. The petitioners excepted to such rulings, and upon a review of them by writ of error this court affirmed the rulings made by the trial judge. *State* v. *Callaway,* 150 *Ga.* 235 (103 S. E. 792). Afterwards and on the same day the interlocutory injunction and supersedeas were denied, the arbitrators had a meeting, at which all parties at interest, including the State and the county, were present by counsel, introduced evidence, and submitted arguments. At this meeting no objections were urged to the arbitration proceedings. An award was made immediately after the hearing. Four days thereafter, September 6, the State for itself and in behalf of the county filed the petition now under review, which is supplementary to the original petition noted above, to set aside the award, the grounds of the petition being in substance that no evidence was introduced before the arbitrators as to the true value of the property assessed, except that submitted by the State and

county, which showed the value of the property to be something like ten times as much as the valuation placed upon it for taxation in the award, and that the arbitrators had not confined themselves, in making the award, to the true value of the property, but considered evidence tending to show that a very large percentage of the owners of similar property residing in Richmond county, and other counties in the State, and particularly in the Counties of Bibb, Chatham, and Fulton, had returned a very small percentage of it for taxation, and where returns had been made, the assessments on it were insignificant.

At the appearance term the executor demurred to this petition, on various grounds which, in the view we take of the case, are not necessary to be set forth. At the same time the executor filed a cross-petition to have declared illegal and void a certain contract, which was set out, made by the County of Richmond with Pierce Brothers, to pay them certain commissions on taxes which they might collect on unreturned property; alleging that these attorneys had represented the county from the inception of the proceedings to have assessments for taxation of the securities owned by White for the years 1911 to 1917, both inclusive, and were directly interested in the result of the proceedings. The cross-petition also sought to have declared void a contract made by the State with Pierce Brothers and A. L. Franklin, of a similar character as that made by the County of Richmond with Pierce Brothers; it being alleged, in substance, that both of such contracts were contrary to public policy and the law of the State, and therefore illegal. On a hearing the demurrer of the executor to the supplemental petition was sustained, and the petition was dismissed. The demurrer to the cross-petition was overruled. Petitioners in the supplemental petition, by writ of error, excepted to both of such rulings.

*R. A. Denny, attorney-general, Pierce Brothers, A. L. Franklin,* and *W. K. Miller,* for plaintiffs.

*Callaway & Howard,* for defendants.

FISH, C. J., and HINES, J. The act of 1918 (Georgia Laws 1918, p. 232), approved July 31, 1918, is in part as follows: "That when the owner of property has omitted to return the same for taxation at the time and for the years the return should have been made, or, having returned his property or part of the

same, has grossly undervalued the property returned, or his property has been assessed for taxation at a figure grossly below its true value, such owner, or, if dead, his personal representative or representatives, is required to return such property for taxation for each year he is delinquent, whether delinquency results from failure to return or from gross undervaluation either by the delinquent or by assessors, said return to be made under the same laws, rules, and regulations as existed during the year of said default, or said property was returned or assessed for taxation at figures grossly below its true value." Section 3 is as follows: " Be it further enacted, that when such property is of that class which should be returned to the tax-receiver of the county, the said tax-receiver shall notify in writing such delinquent, or, if dead, his personal representative or representatives, of such delinquency, requiring that a return shall be made thereof within twenty days." Section five provides: " That if the delinquent or his personal representative or representatives, as provided under section 3 of this act, refuses or fails to return such property after notice given him, it shall be the duty of the tax-receiver to assess such property for taxation from the best information he can obtain as to its value for the years in default, and notify such delinquent of the valuation, which shall be final, unless the person or persons so notified raise the question that it is excessive; in which event the further procedure shall be by petition in equity in the superior court of the county where such property is assessed." Section 8 is: " That all laws and parts of laws in conflict with this act be and the same are hereby repealed."

1.   The assessments of the property for taxation, involved in this case, having been made in July, 1919, and the arbitration proceedings as to such assessments having been had in September of that year, the above-quoted provisions of the act of 1918 provided the remedy, that is, by petition in equity, by the dissatisfied delinquent taxpayer, for having such assessments corrected because excessive.   The laws fixing procedure for arbitration of tax assessments claimed by delinquents to be excessive, in force prior to the enactment of the act of 1918, are by it repealed.   It follows, therefore, that the arbitration proceedings for the assessments of property for taxation here involved, and the award made by the arbitrators, were wholly void; and the petition now under review

for the purpose of setting aside the void award was unnecessary, and the judge of the superior court did not err in sustaining the demurrer to the petition and dismissing the same.

It follows that we concur in the judgment affirming the judgment of the lower court, sustaining the demurrer of the defendants to the supplementary petition in this case. We do so because the complainants have an adequate, full, and complete remedy at law. The arbitration proceedings were null and void under the act of August 17, 1918 (Georgia Laws 1918, p. 234 et seq). Under this act there is now no provision of law for arbitrating an assessment made by a receiver of property of a delinquent taxpayer, claimed by the latter to be excessive. In the case of such delinquent taxpayer any objection to the assessments by the receiver, on the ground that they are excessive, must be raised by petition in equity, addressed to the superior court of the county where such property is assessed, under section 5 of this act. This being so, the complainants have a full and complete remedy at law. This void award did not stand in the way. The tax-collector can issue his executions based upon the assessments made by the receiver, and proceed to collect the taxes thereunder. If the executor of the delinquent taxpayer is dissatisfied with these assessments, on the ground that they are excessive, he has his remedy under this act. We concur in the judgment of affirmance, solely on the ground that the award was void, and equity will not undertake to set aside a void proceeding which does not stand in the way of the enforcement of the payment of taxes, based upon these assessments by executions, levies, and sales.

2. The cross-petition sought to introduce new and distinct matters not involved in the original action, and the court erred in not dismissing it on demurrer. *Peterson* v. *Lott*, 137 *Ga.* 179 (73 S. E. 15); *Atlanta Northern R. Co.* v. *Harris*, 147 *Ga.* 214, 218 (93 S. E. 210).

*Judgment affirmed in part, and reversed in part. All the Justices concur, except Hill and Gilbert, JJ., absent.*

BECK, P. J. I concur in the judgment of affirmance in this case; though I doubt whether the provision in the act of 1918, declaring when the alleged delinquent taxpayer may resort to equity, is applicable under the facts of the record. The petition in the present case is supplementary to the former original petition in

which the petitioners sought to show that the proceedings before the arbitrators were illegal for certain specified reasons. Among the reasons specified, there was no claim that under the act of 1918 the arbitrators in this case could not entertain an appeal from the assessment made by the tax-receiver. But construing that original petition as a whole, it recognized the right of the taxpayer to have arbitration. Furthermore, the complainants participated in the arbitration, and can not now raise objections to the jurisdiction of the arbitrators, based upon the act of 1918, after having in their original petition recognized that the arbitrators would have had jurisdiction but for the reasons there pointed out. I also concur in the judgment of affirmance on the ground that equity will not afford the relief here sought, as the petitioners have a statutory remedy as pointed out above, even if the act of 1918 is applicable to this case.

ATKINSON, J., concurring. Construing the petition most strongly against the pleader, the sole ground of attack upon the award was that the valuation placed upon the property was so grossly inadequate as to show fraud upon the part of the arbitrators. The assignments of error in the bill of exceptions are limited to that question. Under the act by virtue of which the arbitration was had, Political Code, § 1116(d), the arbitrators had jurisdiction, and their power was limited to the question of valuation of the property, and their decision was final. Valuation of property was necessarily a matter of opinion. It would require actual fraud or corruption on the part of the arbitrators, to set aside the award. In this view the allegations of the petition were insufficient to show fraud, and the court properly dismissed the petition on demurrer. In view of the record in the trial court and the assignments of error in the bill of exceptions, it is unnecessary to make a ruling as to the applicability or effect of the act of 1918.