DINGFELDER *et al. v.* GEORGIA PEACH GROWERS
EXCHANGE *et al.; et vice versa.*

Nos. 11673, 11675.   April 14, 1937.   Refiled July 7, 1937.

*Smith & Smith,* for plaintiffs.

*J. B. Jackson, Hall & Bloch,* and *Nottingham & Nottingham,* for defendants.

JENKINS, Justice. Paragraph 3 of the syllabus is briefly elaborated. The bill of sale to a peach crop of a stated year, which was made to secure specified advances by a peach broker, and which provided that the maker's peach crop of that year should be shipped to the broker, and that the net proceeds from its sale should be applied in payment of such specified advances, and that in the event the net proceeds from such crop were insufficient to pay all of such advances the broker would have title to the peach crop of the following year as security for such unpaid balance (see *Evans Marketing Agency* v. *Federated Growers Credit Corporation,* 175 *Ga.* 294, 300 (165 S. E. 114), must necessarily be construed as describing the debt secured by the second year's crop as being any shortage between the specified advances and the net proceeds of the peach crop of the preceding year. Accordingly, where it appeared that the net proceeds of the first year's crop exceeded the amount of the specified advances, there was no amount of indebtedness to secure which a lien on the second year's crop could arise. The fact that, contrary to the provisions of the instrument, the broker may or may not have been authorized or empowered to apply the proceeds of the former year's crop to

other and older obligations, not secured by the lien of that instrument, would have no bearing on the one controlling question, to wit, whether, under the language of the instrument and the facts shown by the petition, the contingent lien provided for on the second year's crop ever in fact came into existence. The existence of such a lien having been expressly conditioned upon the contingency that the net proceeds of the crop should be less than the amount of the specified advances made for that year, and the debt for which the lien on the second year's crop was created being any unpaid difference between said two amounts, upon it being shown that the proceeds of the peach crop exceeded the advances specified, the lien on the next year's crop, which was contingently provided for, never came into existence. Since it could not arise other than from the instrument, in the absence of any other contract for its creation, no question as to the application of payments is involved.

*Judgment affirmed on main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*