JONES, guardian, *et al.* v. HOGANS.

No. 14772. MARCH 8, 1944.

*Isaac S. Peebles Jr.,* and *Casey Thigpen,* for plaintiffs in error. *Stevens & Stevens,* contra.

JENKINS, Presiding Justice. 1. The petition set forth a cause of action. As amended it alleged with respect to the deed of October 31, 1939, that the defendant procured the plaintiff's signature thereto while she was in a hospital in a semi-conscious condition, with a weakened mind and under the influence of an anaesthetic. With respect to the deed of December 20, 1940, it is alleged that the defendant told the plaintiff to sign the same at a time when her mind was still weak, which condition rendered her incapable of knowing the nature of any transaction; that at the time both were signed she was old, illiterate, and could neither read nor write, and she would not have known the effect had the paper been read to her, all of which was known to the defendant; that he took advantage of this condition and his confidential relationship to her, being her nephew upon whom she exclusively relied without question as her nearest male relative in all transactions and business matters; that she had no knowledge she had signed said deeds until May, 1942; that they were without any consideration; and that the mind of the defendant was at such times strong, active, alert, keen, and intellectual. See *Burt* v. *Burt*, 145 *Ga.* 865 (90 S. E. 73); *Dannelly* v. *Cuthbert Oil Co.*, 131 *Ga.* 694 (63 S. E. 257).

2. Grounds 2, 3, and 5 of the defendant's demurrer will be considered together. They assert that since the petition showed that the plaintiff had agreed to make a will giving her property to the defendant in consideration of his looking after her so long as she should live, and that she thought the instrument signed was a will and not a deed, her remedy was not to cancel the deed, which set forth a consideration of one dollar and natural love and affection, but to reform the instrument so as to make it conform to her admitted agreement to make a will, and that the plaintiff should not be permitted to cancel the deed without first offering to make a will in conformity with her agreement, and relieving the defendant of the obligation to pay the recited one-dollar monetary consideration. While it is true that the petition contained the allegations mentioned with respect to her agreement to make a will, and it was alleged that she thought it was such an instrument which the defendant induced her to sign, it was also alleged that at the time the deeds were signed, she was not only illiterate but incapable of understanding the nature of her act, and that she was

fraudulently induced to sign the deeds by the defendant, who at that time occupied a relationship of trust and confidence, he being her nearest male relative and the one to whom she looked with unquestioned confidence as to all her business affairs. This set out a good cause of action independently of any allegations with respect to a will; and if the deeds were thus fraudulently procured, the perpetrator of the fraud, in thus procuring a totally different character of instrument, can not avail himself of the fruits of his own fraud and deception by maintaining the validity of the instruments based upon a totally different consideration, unless and until the plaintiff shall offer to carry out the agreement actually arrived at. Especially would this be true since the demurrers in no way imply any indication in the petition that the plaintiff's failure to make a will constituted any part of the consideration of the deeds, nor that the defendant had complied, offered to comply, or even was in position to comply with the consideration of the proposed will.

3. The petition does not show that the plaintiff was guilty of such laches as would bar a recovery. It can not be said as a matter of law in a ruling on demurrer that because fraud was discovered in May, 1942, and no action was taken thereon until August, 1942, the petition failed to set out a cause of action. In *Benson* v. *May*, 149 *Ga.* 555 (2) (101 S. E. 177) a deed made on March 3, 1916, was sought to be set aside. The petition, filed some time subsequently to May 18, 1917 (which date was recited in the petition), was held to be sufficient against a demurrer complaining that it did not appear that the action was commenced promptly after discovery of the misrepresentation.

4. The evidence authorized the verdict. The question of mental capacity to make a deed is a question of fact to be determined by the jury. *Hartley* v. *Marietta Nursery Co.*, 138 *Ga.* 736 (2) (76 S. E. 39); *Lunday* v. *Foreman*, 129 *Ga.* 595 (2), 598 (59 S. E. 276). While mere proof of weakness of mind not amounting to imbecility is not sufficient to warrant a jury in setting aside a contract, there being no proof of fraud or undue influence (*Johnson* v. *Coleman*, 134 *Ga.* 696, 68 S. E. 480; *Richardson* v. *Adams*, 110 *Ga.* 425, 35 S. E. 648; *Neel* v. *Powell*, 130 *Ga.* 756, 61 S. E. 729; *Nance* v. *Stockburger*, 111 *Ga.* 821, 36 S. E. 100; *Durrett* v. *McWhorter*, 161 *Ga.* 179 (9), 186, 129 S. E. 870), nevertheless,

it is true that where the mental weakness is pronounced, such as would prevent the grantor from understanding the nature of her act at the time the deed was executed, and especially where as alleged in this case, such mental impairment is united with alleged undue and controlling influence on the part of one occupying a confidential relationship with the illiterate grantor, it will authorize a cancellation on the ground of fraud. *Maddox* v. *Simmons,* 31 *Ga.* 512 (7), 530. "Any relations shall be deemed confidential, arising from nature or created by law, or resulting from contracts, where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another; or where, from similar relation of mutual confidence, the law requires the utmost good faith; such as partners, principal and agent, etc." Code, § 37-707. "Fraud may not be presumed, but being itself subtle, slight circumstances may be sufficient to carry conviction of its existence." Code, § 37-706. "Great inadequacy of consideration, joined with great disparity of mental ability in contracting a bargain, may justify equity in setting aside a sale or other contract." Code, § 37-710. There was evidence that the plaintiff's nephew, her nearest male relative, had complete and unquestioned control over the conduct of the plaintiff's affairs, and it was shown that at the time she signed the deeds to him she was mentally incapable of understanding the nature of her act and was not even aware that she had conveyed away all her property with a life-estate reserved, until long afterwards, and until two months before taking steps to cancel the deeds.

5. Grounds 1, 2, and 3 of the amended motion for new trial complain because the trial judge read to the jury in his charge allegations of the petition, which it is contended were not supported by evidence, or which were abandoned. These assignments of error, variously stated, relate to the same question. It is true that the witness was not interrogated about and did not testify concerning the allegations with respect to her promise to make a will, and that such an instrument was what she thought she was signing. Other allegations referred to in these assignments of error may have found support in the minds of the jury from the evidence.

Under our system of jurisprudence it is the right and duty of the presiding judge to state fairly and impartially to the jury the

contentions made between the parties litigant (*City and Suburban Ry.* v. *Findley,* 76 *Ga.* 311 (3) ), and to instruct them upon the principles of law applicable thereto, the only restriction being that in so doing he shall make no intimation as to what has or has not been proved. Code, § 81-1104. The general rule is that a charge on legal principles must be adjusted to both the pleadings and the evidence. *Southern Express Co.* v. *Newby,* 36 *Ga.* 635 (5) (91 Am. D. 783) ; *McDonald* v. *DeLaperriere,* 178 *Ga.* 54 (4) (172 S. E. 1) ; *Smoot* v. *Alexander,* 188 *Ga.* 203 (4) (3 S. E. 2d, 593). This rule, however, is qualified when there has been evidence submitted without objection relating to the same cause of action, which could have been authorized by an amendment to the pleadings. Under such circumstances, in civil cases, the judge is authorized, but not required without request, to charge upon the issue thus made by the evidence. *McLean* v. *Mann,* 148 *Ga.* 114 (2) (95 S. E. 985) ; *Keystone Pecan Co.* v. *Clark,* 149 *Ga.* 836 (2) (102 S. E. 352) ; *Cordele Sash, Door & Lumber Co.* v. *Wilson Lumber Co.,* 129 *Ga.* 290 (2) (58 S. E. 860) ; *Martin* v. *Nichols,* 127 *Ga.* 705 (2) (56 S. E. 995) ; *Tucker* v. *Central of Georgia Railway Co.,* 122 *Ga.* 387 (6) (50 S. E. 128) ; *Powell* v. *Berry,* 145 *Ga.* 696 (5) (89 S. E. 753, L. R. A. 1917A, 306) ; *Doggett* v. *Simms,* 79 *Ga.* 253 (3) (4 S. E. 909) ; *Livsey* v. *Georgia Railway & Electric Co.,* 19 *Ga. App.* 687, 689 (91 S. E. 1074).

Another general rule, the converse of the one just stated, is that an instruction as to law on a material issue, unauthorized by the evidence, is improper, and if it is not apparent that the jury could not have been misled thereby, is cause for a new trial. *Citizens & Southern National Bank* v. *Kontz,* 185 *Ga.* 131 (6) (194 S. E. 536). However, as was stated by this court in *Atlanta, Knoxville &c. Ry. Co.* v. *Gardner,* 122 *Ga.* 82 (8), 93 (49 S. E. 818) : "It is one thing to state what a party contends, and another and a very different thing to state the law applicable to such contentions." Accordingly, it was held by this court in *Robertson* v. *Abernathy,* 192 *Ga.* 694 (4 a), 698 (16 S. E. 2d, 584), that in charging the jury it is not reversible error to merely state correctly the contentions made by the allegations of the pleadings, even though some of them might not have been supported by the evidence. See also *Americus Gas & Electric Co.* v. *Coleman,* 16 *Ga. App.* 17 (2) (84 S. E. 493) ; *Western & Atlantic Railroad* v. *Lochridge,* 39 *Ga. App.*

246 (4) (146 S. E. 776); *Gledhill* v. *Harvey,* 55 *Ga. App.* 322 (4) (190 S. E. 61); *Georgia Power Co.* v. *Sheats,* 58 *Ga. App.* 730 (2), 742 (199 S. E. 582); *Armour & Co.* v. *Roberts,* 63 *Ga. App.* 846 (12 S. E. 2d, 376); *Powell* v. *Crowell,* 63 *Ga. App.* 890 (3), 891 (11 S. E. 2d, 918).

6. The 4th ground of the amended motion for new trial complains that the court charged the Code, § 48-107, in the absence of evidence to authorize it. That section provides: "A gift by any person just arriving at majority, or otherwise peculiarly subject to be affected by such influences, to his parent, guardian, trustee, attorney, or other person standing in a similar relationship of confidence, shall be scrutinized with great jealousy, and upon the slightest evidence of persuasion or influence towards this object, shall be declared void at the instance of the donor or his legal representative, at any time within five years after the making of such gift." There being evidence that the defendant was the nephew of the plaintiff, who left her affairs to him without question, he being her sole adviser and "what he said was right," this contention is without merit. See *Sims* v. *Ferrill,* 45 *Ga.* 585, 596, in which there was an allegation that the brother-in-law of the plaintiff stood in a fiduciary relationship to her at the time, but he denied the allegation, she testifying that she reposed trust and confidence in him as her brother-in-law, and it was held that this was a conflict in the testimony for the jury to pass upon. See also *Gaskins* v. *Gaskins,* 145 *Ga.* 806 (89 S. E. 1080), in which an illiterate person executed a deed reposing full confidence in his father-in-law.

7. For the reasons set forth in the 4th division of the opinion, there was no error in giving in charge the Code, § 37-707, defining confidential relationship, in view of the evidence there set forth that the defendant was the nephew and nearest male relative of the plaintiff, and that she relied implicitly upon him.

8. The 6th ground of the amended motion for new trial complains of the following charge: "Now there is another issue involved in this case and that is that she contends that Mr. Thompson was in a confidential relationship with her; that he was her nephew, and she contends that she imposed confidence in him and acted upon his advice. I charge you that a person standing in confidential relation to another is not prohibited from exercising

any influence whatever to obtain benefit to himself. The influence must be what the law regards as undue influence. Such influence that is obtained by 'flattery, importunity, superiority of will, mind or character, which would give dominion over the will to such an extent as to destroy free agency, or constrain one to do against his will what he is unable to refuse. Such is the kind of influence which the law condemns as undue. The undue influence which will annul a deed must be of that potency, which substitutes somebody else's will for that of the grantor." This charge was appropriate to the issues involved and was favorable to the defendant. The same statement is applicable to the 7th ground of the amended motion for new trial, which complains of another charge in almost the identical language.

*Judgment affirmed. All the Justices concur.*