1. The court did not err in sustaining a demurrer to the amendment to the traverse of the caveat.
2. A cross-action which merely seeks to introduce new and distinct matter not germane to the original issue should be stricken on demurrer.
3. The judgment sustaining the caveat and directing that the notation of lien be canceled was demanded.
 No. 16277. JULY 15, 1948. REHEARING DENIED JULY 28, 1948.
Pursuant to a decision of this court in Lankford v.Holton, *Page 194 195 Ga. 317 (decided January 13, 1943), and by virtue of a decree of the superior court, title to a one-half undivided interest in the tract of land here involved was registered in the name of J. H. Milhollin and N.E. Holton on February 19, 1943. The other undivided half interest was registered in the name of Retta M. Lankford and her four children. A certificate of title to a one-half undivided interest was issued to Milhollin and Holton, and was not subject to any lien or claim of Retta M. Lankford and her children.
On September 5, 1947, Retta M. Lankford et al. filed a claim of lien against the undivided half interest of Milhollin and Holton, and notice of lis pendens, and had the clerk make notation thereof on the land-registration records of the county; the claim for lien was for rents, issues, and profits, alleged to have accrued prior to February 19, 1943, in the sum of thirty-seven thousand dollars, and for rents, issues, and profits since February 19, 1943, in the sum of sixty-two hundred and fifty dollars, being sued for in a proceeding filed August 2, 1947.
On September 25, 1947, Milhollin and Holton filed what they denominated as a caveat to the claim of lien, in which they alleged that they were the holders of a land-registration certificate of title to the land involved, and "that the decree rendered on February 19, 1943, in the case which eventuated in the certificate of title and registered title heretofore mentioned, was rendered in compliance with direction of the Supreme Court of Georgia, and was made subject only to liens [for taxes], . . and claimants are not entitled, under the law, to assert any lien which existed at the time said decree of title was rendered on February 19, 1943, which is not set forth therein." There was a prayer that said claim of lien be ordered canceled of record by the Clerk of the Superior Court of Coffee County.
On October 16, 1947, Mrs. Lankford et al. filed a traverse to the caveat of Milhollin and Holton.
On October 30, 1947, Milhollin and Holton filed an amendment to their caveat, attaching a copy of the notice of lien filed by Mrs. Retta Lankford et al., a copy of the clerk's entry on the land-registration records, and asserting that all parties to the instant proceeding were parties to the original land-registration proceedings, and that Mrs. Retta M. Lankford et al. are barred *Page 195 
from asserting any lien for rents, issues, and profits prior to February 19, 1943, when the decree of registration was granted by the superior court.
A demurrer to the caveat as amended was overruled, and this ruling was affirmed in Lankford v. Milhollin, 203 Ga. 497
(47 S.E.2d 74).
On April 6, 1948, Mrs. Lankford et al. submitted an amendment to her traverse of caveat, which in substance alleged that, at the time the title was registered in Milhollin and Holton on February 19, 1943, they were due Mrs. Lankford et al. a large amount for rents and profits thereon; but on the date of registration and for some time thereafter they were solvent; nor had anything occurred which would create an equitable lien against their interest in the land; and the judgment registering the title, without declaring the title subject to whatever equitable lien a court of equity might decree against their interest in an accounting proceeding, would not preclude Mrs. Lankford et al. from securing an equitable lien against their interest on equitable grounds arising after the registration of title. On the same date a demurrer to the above-mentioned amendment was sustained.
Also on April 6, 1948, Mrs. Lankford et al. filed what was denominated as " a cross-action to their said claim of lien, and the said traverse thereto." It was there alleged: that heretofore the trial judge, in a partition proceeding, had ordered the land sold and the funds held in court until the trial of a pending accounting proceeding for the collection of rents and profits collected by Milhollin and Holton from the interest of Mrs. Lankford et al. in the land; that there was no lien or claim against the interest of Mrs. Lankford et al., and the one-half interest of Mrs. Lankford et al. should be paid to them when sold (excepting certain specified liens for taxes, examiners' fees, and attorneys' fees); that the trial judge had no authority to order their part of the sale price held in court pending the trial of the accounting proceeding; that N.E. Holton is insolvent, or had concealed or disposed of his property so as to prevent the collection of any general judgment obtained against him; and their view of the proper way to partition the land was then alleged, with various criticisms of the effect of the judge's order in directing the manner of sale and handling of the proceeds of sale. The prayers were: *Page 196 
(a) that the land not be sold until after the trial of the suit for accounting; (b) that, if sold before the trial, it be paid to them when the sale is confirmed; (c) that when sold the half interest of Milhollin and Holton be invested in bonds to answer to any judgment obtained by Mrs. Lankford et al.; (d) a provision, in the event Milhollin and Holton become the purchasers at the sale, to provide a lien in favor of Mrs. Lankford et al. to secure any judgment Mrs. Lankford et al. may obtain in the final accounting case; and also a provision that, if Mrs. Lankford et al. become the purchasers at the sale, they be not required to pay the purchase-price, but that it be subject to a lien to cover any judgment secured by Milhollin and Holton in the accounting case. On the same date a demurrer to this cross-petition was filed and sustained.
On April 6, 1948, the judge tried the issues raised by the amended caveat of Milhollin and Holton and the traverse thereto of Mrs. Lankford et al. Milhollin and Holton introduced in evidence: The decree of February 19, 1943, by the Judge of the Superior Court of Coffee County in accordance with direction of this court in the case of Lankford v. Holton, 195 Ga. 317
(24 S.E.2d 292), which amended a previous decree and vested the title to a one-half interest in the land in question in Milhollin and Holton. A certificate of title by the clerk of the superior court to a one-half interest in the land in question on the land-registration records, registered in the name of J. H. Milhollin and N.E. Holton, and stating the land was owned in fee simple, subject to a special lien for State, county, and city taxes for certain specified years. Also a certified copy of the opinion of this court in Lankford v. Holton, 195 Ga. 317.
Mrs. Lankford et al. introduced no evidence.
The trial judge signed a judgment sustaining the caveat, and ordered the notation concerning the claim of lien for rents and profits prior to February 19, 1943, canceled.
Error is assigned on the following judgments: 1. Sustaining demurrer to amendment of traverse of caveat. 2. Sustaining demurrer to cross-action. 3. Sustaining caveat to claim of lien.
(After stating the foregoing facts.) 1. The *Page 197 
amendment to the traverse sought the right to establish an equitable lien for rents accruing prior to the date the title was registered. The right to such a lien is apparently predicated on the contention that Milhollin and Holton were solvent at the time the title was registered, but subsequently became insolvent. Assuming that the pleading were sufficient to allege this change in conditions, such would not establish an equitable lien. Whatever condition existed between the parties to this proceeding as to a lien for prior rents, or a pending proceeding therefor, should have been provided for in the certificate of title as recorded in the title register. Code § 60-419 makes no provision for such an existing claim to be subsequently recorded. Nor would Code § 85-1004, which provides for an accounting between cotenants, authorize this subsequent recording of a lien upon the title register for rents accruing prior to the registration of title. It was therefore not error to sustain a demurrer thereto. This leaves the question of the right to record a lien for rents accruing prior to the date of registration of title, subject to the rulings in Lankford v. Milhollin, 203 Ga. 497
(47 S.E.2d 74), and Lankford v. Milhollin, 203 Ga. 491
(47 S.E.2d 70).
2. It is patent that the cross-action to the caveat, is not relevant to the issue. The caveat to the right to record the lien presents the sole question of whether the lien recorded for rents prior to the date of the registration of title should be canceled. The cross-action is not germane to this issue, but is an attack on a previous judgment issued by the trial judge in a case for partition and accounting, and the prayers are for a modification of a decree in that proceeding.
The trial judge did not err in dismissing the same on demurrer. A cross-action which merely seeks to introduce new and distinct matter not germane to the original issue should be stricken on demurrer. Josey v. Rogers, 13 Ga. 478 (5);Johnson v. Stancliff, 113 Ga. 886 (1) (39 S.E. 296);Peterson v. Lott, 137 Ga. 179, 180 (73 S.E. 15); AtlantaNorthern Ry. Co. v. Harris, 147 Ga. 214, 218 (93 S.E. 210);Usry v. Hines-Yelton Lumber Co., 176 Ga. 660 (2a) (168 S.E. 249); Collier v. DeJarnette Supply Co., 194 Ga. 129, 131
(20 S.E.2d 925).
3. On the trial, where the only evidence before the trial judge consisted of the decree authorizing the registration of the title *Page 198 
to a one-half interest in Milhollin and Holton, in fee simple, subject only to a lien for specified taxes, a certificate of title by the clerk of the superior court, and a certified copy of the opinion of this court directing the foregoing, the judgment sustaining the caveat and directing that the notation of lien be canceled was demanded.
Judgment affirmed. Jenkins, Chief Justice, Duckworth,Presiding Justice, Wyatt, Head and Candler, Justices, and JudgeA. M. Anderson concur.