GIBBS *v.* FORRESTER.

No. 16355.   October 13, 1948.   Rehearing denied November 18, 1948.

*George L. Goode,* for plaintiff in error.

*Kimzey & Kimzey,* for defendant.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) █ A motion was made in the Supreme Court to dismiss the writ of error, on the ground that there is no valid exception

taken to a final judgment. The bill of exceptions contains the following statement: "That the court, without a jury trial, thereupon entered a final judgment in said case in favor of plaintiff and declaring in his favor and against defendant in accordance with the prayers of plaintiff's petition. . . To the action of the court in entering final judgment in favor of the plaintiff and against the defendant, defendant then and there excepted, now excepts, and assigns the same as error as being contrary to law." The insistence is that the exception (1) is merely to the action of the court in entering final judgment, and that it is not an exception to the judgment entered; and (2) that since the case was tried by the court without the intervention of a jury, the exception is too vague and indefinite to present any question for decision by the Supreme Court.

Under a proper construction, the assignment of error is to the judgment entered. There were several assignments of error in the bill of exceptions upon antecedent rulings of the court on questions of law which necessarily resulted in a final default judgment against the defendant; and since no question of fact was before the court when the final default judgment was rendered, a general assignment of error was sufficient. See, in this connection, Code (Ann. Supp.), § 110-401; *Atlanta Banking & Savings Co.* v. *Chastain,* 150 *Ga.* 640 (1) (104 S. E. 628); *Cheatham* v. *Palmer,* 191 *Ga.* 617 (1b) (13 S. E. 2d, 674).

There is no merit in the motion to dismiss the bill of exceptions.

■ A controlling question is whether the court erred in overruling the oral motion to dismiss the petition.

"If the defendant calls in question by demurrer the sufficiency of the petition, and the court renders a decision holding that the petition sets forth a cause of action, so long as this decision stands unreversed the defendant is precluded from calling in question the sufficiency of the petition by oral motion to dismiss. *Georgia Northern Ry. Co.* v. *Hutchins,* 119 *Ga.* 504 (1) (46 S. E. 659).

In the present case, when the defendant demurred on the ground that the allegations contained in the petition did not state facts showing an actual controversy between the parties, the plaintiff objected to the court's entertaining the demurrer, on

the ground that the demurrer showed on its face that it was not filed within 30 days from the date of service of the petition as required by Code (Ann. Supp.), § 81-301. In the circumstances, when the court sustained the objection and dismissed the defendant's demurrer the only adjudication that became the law of the case was that the demurrer was not filed within 30 days as required by law. Therefore, in the absence of an adjudication that the petition set forth a cause of action, the effect of striking the demurrer was to leave the petition standing just as though no demurrer had been filed; and it thus becomes necessary to determine whether the court erred in overruling the oral motion to dismiss the petition on the ground that no cause of action for a declaratory judgment was therein stated.

Where a petition is fatally defective in that it does not set forth a cause of action, it may be attacked by oral motion to dismiss at any time before verdict, without the need of a demurrer. Code, § 81-302; *Kelly* v. *Strouse,* 116 *Ga.* 872 (5a) (43 S. E. 280); *Dingfelder* v. *Georgia Peach Growers Exchange,* 184 *Ga.* 569 (1) (192 S. E. 188).

The petitioner alleges that the defendant falsely claims to have entered into a ceremonial marriage with him, that he is the father of her child, and that she caused to be issued a warrant accusing him of abandonment of the child. Under the allegations of the petition, the sole issue of whether or not the parties are husband and wife is one of fact. No statute is involved, and the parties know, without any declaration by any court, whether or not they entered into a ceremonial marriage which the petitioner alleges the defendant claims as a basis for her assertion that she is the wife of the petitioner. The petitioner is not asking the court for any light before taking a step in the dark, which, as pointed out in *Mayor &c. of Athens* v. *Gerdine,* 202 *Ga.* 197 (42 S. E. 2d, 567), is the justification for a declaratory judgment, and obviously the petition does not come within the purview of the statute (Ga. L. 1945, p. 137), providing for a declaratory judgment in a proper case.

Accordingly, the petition failed to state a cause of action for a declaratory judgment, and the court erred in overruling the defendant's oral motion to dismiss the petition.

In view of the above ruling, it becomes unnecessary to pass upon other assignments of error.

*Judgment reversed. All the Justices concur, except Bell, J., absent on account of illness.*