18489. AYERS *v.* YOUNG, Administrator.

Argued February 8, 1954—Decided March 9, 1954.

442

Ford & Houston, W. J. Forehand, for plaintiff in error.

Robley C. Smith, Robert B. Williamson, W. J. Crowe, contra.

HEAD, Justice. 1. A motion to strike in the nature of a general demurrer may be made at any time before verdict. *Kelly* v. *Strouse & Bros.*, 116 *Ga.* 872 (43 S. E. 280); *Dingfelder* v. *Georgia Peach Growers Exchange*, 184 *Ga.* 569 (192 S. E. 188); *Gibbs* v. *Forrester*, 204 *Ga.* 545, 549 (50 S. E. 2d 318); *Pearson* v. *George*, 209 *Ga.* 938, 946 (77 S. E. 2d 1).

In the present case, the defendant relies upon the rule that, if any part of a pleading is good in substance, it would be error to sustain a general demurrer or a motion to strike in the nature of a general demurrer to the entire plea. This rule is so well recognized as to require no citation of authorities here. The defendant in her answer set up two entirely separate and distinct matters. In the first part of her answer, she denied that the plaintiff was lacking in mental capacity to contract, and averred that she held a good and valid title to the property described. By paragraphs 9 and 10 of her answer, she set up an independent action to recover from the plaintiff for moneys had and received. It was not alleged by the defendant that the advancements made by her to the plaintiff formed any part of the consideration for the deed, and she sought to recover such advancements only in the event the jury should find that the plaintiff was lacking in sufficient mental capacity to contract and convey her property.

The question is thus presented as to whether or not an answer which sets up two separate and distinct matters, one germane to the issue, and the other wholly unrelated to any issue made by the plaintiff's pleadings, may on oral motion be stricken as to that part which is not germane to the plaintiff's cause of action. The defendant contends that paragraphs 9 and 10 of her answer could have been objected to only by special demurrer filed at the first term. This contention can not be sustained.

In *Martin* v. *Bartow Iron Works*, 35 *Ga.* 320, 323, the distinction between a general and a special demurrer is stated as follows: "A general demurrer enables the party to assail every substantial imperfection in the pleadings of the opposite side without particularizing any of them in his demurrer; but if he thinks proper to point out the faults, this does not vitiate it. A special demurrer goes to the structure merely, and not to the substance, and it must distinctly and particularly specify wherein the defect lies; . . ."

In *Douglas, Augusta &c. Ry. Co.* v. *Swindle*, 2 *Ga. App.* 550 (59 S. E. 600), Judge Russell (later Chief Justice of this court) stated: "A demurrer addressed to a particular paragraph of the pleadings is not necessarily, for that reason, a special demurrer." To support this statement, Judge Russell relied upon the decision in *Martin* v. *Bartow Iron Works*, supra. See also *Linder* v.

*Wimberly,* 158 *Ga.* 285, 290 (123 S. E. 129); *Rivers* v. *Brown,* 200 *Ga.* 49 (36 S. E. 2d 429); *Carusos* v. *Briarcliff, Inc.,* 76 *Ga. App.* 346 (45 S. E. 2d 802).

In the present case, the motion to strike was no less general because it was aimed at only one of the separate and distinct matters set up in the defendant's answer. For cases applying the rule that a motion to strike may be sustained to a part of an answer see *White* v. *Blitch,* 112 *Ga.* 775 (38 S. E. 80); *Remington* v. *Hopson,* 137 *Ga.* 95 (72 S. E. 918); *Jones* v. *Jones,* 138 *Ga.* 730 (75 S. E. 1129); *Bibb Sewer Pipe Co.* v. *Westinghouse Electric &c. Co.,* 142 *Ga.* 263 (82 S. E. 642); *Rivers* v. *Brown,* supra; *Atkinson* v. *Universal Credit Co.,* 51 *Ga. App.* 517, 518 (2) (180 S. E. 926).

In support of her contention that she might properly set up in her answer a cross-action such as that contained in paragraphs 9 and 10 of her answer, the defendant relies upon Code § 81-106. Under this section a defendant may plead any matter of defense that is germane to the plaintiff's petition, but a defendant may not bring in separate, distinct, and independent matters.

In *Atlanta Northern Ry. Co.* v. *Harris,* 147 *Ga.* 214 (93 S. E. 210), Judge Beck, speaking for the court, quoted from some of the earlier cases, as follows (p. 218): " 'A crossbill must be confined to the subject-matter of the original bill.' *Josey* v. *Rogers,* 13 *Ga.* 478. 'A cross-bill is a bill brought by a defendant against a complainant or other parties in a former bill depending; touching the matters in question in that bill.' *McDougald* v. *Dougherty,* 14 *Ga.* 674. 'The rule in equity is that the matter contained in the cross-bill must be germane to the matter in the original bill.' *Brownlee* v. *Warmack,* 90 *Ga.* 775 (17 S. E. 102)." In *State* v. *Callaway,* 152 *Ga.* 871 (111 S. E. 563), it was said that a cross-petition seeking to introduce new and distinct matters is subject to dismissal on demurrer. The same rule is stated in *Johnson* v. *Stancliff,* 113 *Ga.* 886 (39 S. E. 296); *Wood* v. *Hayes,* 189 *Ga.* 658 (7 S. E. 2d 256); *Collier* v. *DeJarnette Supply Co.,* 194 *Ga.* 129 (20 S. E. 2d 925); and *Lankford* v. *Milhollin,* 204 *Ga.* 193, 197 (48 S. E. 2d 729).

Paragraphs 9 and 10 of the defendant's answer, being entirely separate and distinct from the issue made by the petition—that of mental capacity to contract—and being wholly foreign to any issue made by the plaintiff, were properly stricken on motion.

Had the plaintiff not objected to the wholly unrelated matter in paragraphs 9 and 10 of the answer, the defendant would have been in no better position. In *Halliday* v. *Bank of Stewart County,* 128 *Ga.* 639 (58 S. E. 169), it was said: "Failure to demur to a plea which sets up no valid defense in law does not preclude the plaintiff from moving to exclude evidence offered in its support." To the same effect see *Crew* v. *Hutcheson,* 115 *Ga.* 511 (2) (42 S. E. 16); *Walden* v. *Walden,* 124 *Ga.* 145 (2) (52 S. E. 323); *Williams Mfg. Co.* v. *Warner Sugar Refining Co.,* 125 *Ga.* 408, 411 (54 S. E. 95); *Roberts* v. *Moore,* 136 *Ga.* 790 (72 S. E. 239); *Callan Court Co.* v. *Citizens & Southern Nat. Bank,* 184 *Ga.* 87, 125 (190 S. E. 831). Even if the plaintiff had failed to move to strike paragraphs 9 and 10 the defendant could not have introduced evidence, over objection, in support of her independent action set out therein.

2. In ground 4 of the amended motion for new trial, error is assigned upon the following extract from the charge of the court: "It must be determined by the jury that the deceased, at the time she executed the instrument, lacked the intelligence to understand the transaction before you would be authorized to set the deed aside." It is contended that the extract quoted is not sound as an abstract principle of law; that it did not place a sufficient burden upon the plaintiff; and that the court should have charged: "To establish incapacity in a grantor, he or she must have been shown to have been, at the time the contract was made, non compos mentis, which means entirely without understanding."

Many variations in language have been employed by trial judges in stating the rule relative to mental incapacity to contract. In *Frizzell* v. *Reed,* 77 *Ga.* 724, the following charge was approved as abstractly correct, but not applicable to the facts of that case: "One who has strength of mind and reason equal to a clear and full understanding of the nature and consequences of his act in making a deed, is to be considered sane; one who lacks this capacity is to be held insane." In *Richardson* v. *Adams,* 110 *Ga.* 425, 426 (35 S. E. 648), it was said: "If the grantor has sufficient mental ability to comprehend what he is doing, and to understand the nature of his act, his deed must be deemed that of a sane person." In *Barlow* v. *Strange,* 120 *Ga.* 1015, 1018 (48

S. E. 344), it was said that "one who has not strength of mind and reason equal to a clear and full understanding of his act in making a contract is one who is afflicted with an entire loss of understanding."

If it be said of one that he "lacked the intelligence to understand," it would be equivalent to saying that he lacked the capacity for a clear and full understanding, and, under the authorities cited, one who lacks "the intelligence to understand" is not a person of sound mind, but a person of unsound mind. The excerpt objected to in ground 4 is not erroneous. If the defendant had desired an elaboration on the degree of mental capacity to contract as required by law, a proper written request should have been submitted therefor. An extract from the charge of the court which is germane to the issue on trial and abstractly correct is never erroneous because the court did not at the same time and in connection therewith give some other correct instruction.

3. Ground 5 assigns as error an excerpt from the charge of the court. This excerpt when viewed out of its context is unintelligible, but when considered in the light of the rule stated it is not erroneous, for the same reasons set forth in the preceding division of this opinion.

4. In the brief filed for the defendant as to grounds 6 and 7, it is said: "Ground 6 of the amended motion clearly sets out the objections thereto, and all of them are urged. Ground 7 of the amended motion likewise clearly sets out the objections to the portion of the charge cited, and all of them are urged."

These grounds of the amended motion have been carefully examined, and they do not require the grant of a new trial.

5. The verdict of the jury is supported by the evidence. All questions involving a determination as to which witness or witnesses shall be believed, and the preponderance of the evidence, are peculiarly for the jury. The jury is the trior of the facts, and where the evidence is in conflict, as in this case, the verdict will not be disturbed on the ground that it is against the superior weight of the evidence.

*Judgment affirmed. All the Justices concur.*