## 46591.   BUFFINGTON v. McCLELLAND.

BELL, Chief Judge. 1. The plaintiff brought this suit against the defendant prior to September 1, 1967, the effective date of the Civil Practice Act, CPA § 86 (a), as amended (*Code Ann.* § 81A-186 (a)). The defendant answered and filed a cross action in which he pleaded that the plaintiff in three separate and distinct transactions was indebted to him in certain amounts and prayed for recovery from plaintiff in those amounts. The plaintiff demurred to the cross action and the trial court sustained the demurrer. The ruling on demurrer was also taken at a time prior to the effective date of the Civil Practice Act. The defend-ant enumerates as error the sustaining of the demurrer and the striking of his cross action. Only two of the three separate claims pleaded in the cross action are argued and supported by citation of authority in defend-ant's brief. Hence, the claim not argued is treated as abandoned under the rules of this court. As to the re-maining two, the "Shelly" and "Dobbs House, Inc." claims, the ruling on demurrer at the time it was ren-dered was proper as the cross action attempted to intro-duce new and distinct matters not relevant or involved in the original action. *Lankford v. Milhollin,* 204 Ga. 193 (48 SE2d 729). However, the Civil Practice Act, which is now in effect, must be applied and will cause a conclu-sion that it was erroneous for the trial court to sustain

the demurrer as to these two claims. Section 86 (b) of the CPA, as amended, provides in pertinent part "(b) This Act shall also be applied retroactively by the trial and appellate courts where the effect thereof is to render valid something which was not valid when done, . . ." Section 13 (b) of the CPA allows a party by way of permissive counterclaim to plead any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the party's claim. *Code Ann.* § 81A-113 (b). The pleadings as to these two claims contained in the cross action fall within the category of permissive counterclaims and are all sufficient to state claims which upon proof would entitle the defendant to the relief sought. It was error for the trial court to dismiss the cross action as to the Shelly and Dobbs House, Inc., claims. This error is harmful.

2. During the trial the court refused to admit evidence offered by the defendant that the payment of a bill itemized "in re pending legal matters—Ebener, Dobbs House, etc., $500" should in fact have been credited in its entirety to the Ebener case, the account on which plaintiff's case was based. The ground for not admitting this evidence was because the Dobbs House matter had been stricken on demurrer. This ruling was error irrespective of the fact that the Dobbs House matter had been stricken by the ruling on demurrer. Defendant was not attempting to prove any setoff but rather he was trying to prove that the amount of his alleged indebtedness to the plaintiff was at least less than what plaintiff alleged in the complaint because of the failure of plaintiff to give him proper credit for a payment made to plaintiff in the Ebener case. This was relevant and material to the main issue. Its exclusion was clearly harmful to defendant.

3. The remaining enumerations of error are without merit.

*Judgment reversed. Pannell and Deen, JJ., concur.*

SUBMITTED SEPTEMBER 9, 1971—DECIDED NOVEMBER 12, 1971—REHEARING DENIED DECEMBER 8, 1971.

*Peek, Whaley & Haldi, Glenville Haldi,* for appellant.
*Wayne Jernigan,* for appellee.